625 A.2d 194

**John BLASCHOCK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (YALENA CONSTRUCTION CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 24, 1992.

Decided May 5, 1993.

Petition for Allowance of Appeal Denied Sept. 16, 1993.

Paul J. Dufallo, for petitioner.

Wilbur C. Creveling, Jr., for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

Claimant John Blaschock appeals an order of the Pennsylvania Workmen's Compensation Appeal Board that affirmed a referee's decision calculating the claimant's weekly workmen's compensation benefits.

The sole issue raised on appeal is whether the referee erred in calculating the claimant's average weekly wage based upon the first paragraph of section 309(e) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582(e), which applies to seasonal

employees, rather than either the last paragraph of section 309(e), or section 309(f) of the Act, each of which can provide alternate higher average weekly wage computations.

## FACTS

The claimant suffered a work-related injury to his back, while employed by Yalena Construction Company (employer). The claimant worked for the employer for two years before his injury. However, because the claimant's job required that he dig ditches and install gas lines outdoors and underground, the claimant could not work during the fall and winter months, when the ground freezes. The referee found that the claimant's occupation was seasonal [1] and awarded workmen's compensation benefits to the claimant under the first paragraph of section 309(e) of the Act.

The claimant appealed the referee's decision to the board, contending that his average weekly wage should have been calculated under either the last paragraph of section 309(e) or under section 309(f). The board affirmed the referee's decision and the claimant appealed to this court. This court vacated the board's order and remanded the case to obtain further evidence in order to determine whether subsection (f) or (e) applied to the present case. *Blaschock v. Workmen's Compensation Appeal Board (Yalena Construction Company)*, 136 Pa.Commonwealth Ct. 199, 582 A.2d 722 (1990) (*Blaschock I*).

After taking new evidence, the referee determined that that evidence did not affect the application of the first paragraph of section 309(e), and once again calculated the claimants average weekly wage under that section. The claimant appealed to the board, which once again affirmed the referee's decision. This appeal followed.

1. An occupation is considered "seasonal" if it cannot be carried on throughout the year, but only during fixed portions of it. *See American Mutual Insurance Company v. Workmen's Compensation Appeal Board (Davenport)*, 108 Pa.Commonwealth Ct. 345, 530 A.2d 121 (1987).

■ Our scope of review of an administrative decision is limited to determining whether any constitutional rights have been violated, whether any error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. *City of Williamsport v. Workmen's Compensation Appeal Board (Schmuck)*, 55 Pa.Commonwealth Ct. 618, 423 A.2d 817 (1980).

The claimant argues that the referee erred in calculating the average weekly wage under the first paragraph of section 309(e) of the Act, which provides as follows:

> In occupations which are exclusively seasonal and therefore cannot be carried on throughout the year, the average weekly wage shall be taken to be one-fiftieth of the total wages which the employe has earned from all occupations during the twelve calendar months immediately preceding the injury, unless it be shown that during such year, by reason of exceptional causes, such method of computation does not ascertain fairly the earnings of the employe, in which case the period for calculation shall be extended so far as to give a basis for the fair ascertainment of his average weekly earnings.

The referee, using the above formula, found that the claimant had earned $6,932.62 while working for the employer twelve months before the injury. The referee divided that figure by fifty and found an average weekly wage of $138.65, and a compensation rate of $124.24 per week.

The claimant contends that the average weekly wage should have been calculated under the last paragraph of section 309(e), of the Act, or alternatively, under section 309(f) of the Act.

Section 309(e), last paragraph, states:

> . . . . .

> If under clauses (a), (b), (c), (d) *and* (e) of this section, the amount determined is *less* than if computed as follows, his [sic] computation shall apply, viz.: Divide the total wages earned by the employe during the last two completed calendar quarters with the same employer by the number of days

he worked for such employer during such period multiplied by five.

(Emphasis added).

Section 309(f) states:

In no case shall an employe's average weekly wage be *less* than one-thirteenth of his highest calendar quarter wage amount in the first four of the last five completed calendar quarters immediately preceding the date of his injury, and compensation payments may be commenced on this basis unless other information obtained from the employe or employer establishes a higher weekly wage under this section.

(Emphasis added).

■ A calendar quarter is one of the four periods of three months each of a calendar year. A calendar year is the year beginning on January 1 and ending on December 31. *See Follett v. Workmen's Compensation Appeal Board (Massachusetts Mutual Life Insurance Company)*, 122 Pa.Commonwealth Ct. 58, 551 A.2d 616 (1988) In considering what constitutes a calendar quarter, in order to calculate average weekly wage, the wages must have been earned in the first four of the last five periods of three months beginning and ending on January 1 and March 31, April 1 and June 30, July 1 and September 30, or October 1 and December 31, immediately before the date of the claimant's injury. *Id.*

The claimant contends that, under the last paragraph of section 309(e), his average weekly wage would be $427.94, computed as follows: the total of wages from the last two completed calendar quarters, $6932.62, divided by the number of days he worked for the employer, 81, multiplied by five. Under section 309(f), the claimant contends that his average weekly wage would be $395.11: the total of the claimant's highest calendar quarter wage, $5,136.55, divided by thirteen.

The referee's calculation of the average weekly wage under the first paragraph of section 309(e) would result in an average weekly wage *lower* than a calculation under either the last paragraph of section 309(e), or section 309(f). The claimant

argues that both of the latter sections indicate a legislative preference for the use of a formula that will provide a claimant with the highest possible weekly benefit rate.

The employer argues that neither the last paragraph in section 309(e), nor section 309(f) applies to seasonal employees because such an interpretation would negate the exclusively seasonal employment formula described under the first paragraph of section 309(e). The employer argues that, if the last paragraph of section 309(e), and section 309(f) are applied, the claimant's average weekly wage would be equivalent to the average weekly wage of a regular employee who worked all year round. The employer argues that this would be an absurd and unreasonable result, which was not what the legislature intended.

The board, in affirming the referee's decision, held:

We do not believe that the Commonwealth Court's directive was that the Referee was required to adopt the Claimant's contention that the alternate formula for calculation of average weekly wage in Section 309(e) or 309(f) was applicable but merely to determine if the additional wage information would effect [sic] the calculation.

Opinion of the board, p. 3.

In *Blaschock I*, this court relied upon *Follett v. Workmen's Compensation Appeal Board (Massachusetts Mutual Life Insurance Company)*, 122 Pa.Commonwealth Ct. 58, 551 A.2d 616 (1988) in concluding that section 309(f) of the Act required that the referee use the highest calendar quarter wage amount from the first four of the last five quarters of work completed by the claimant, before the date of the claimant's injury.

This court held in *Follett* that:

Section 309(f) establishes a mathematical formula for calculating the average weekly wage of an employee that *may* be used as an alternate to the set of formulae set forth in Sections 309(a)–(d) for employees whose occupations are not exclusively seasonal *and* the formula set forth in the *first*

*paragraph of Section 309(e)* for employees whose occupations are exclusively seasonal.

*Follett,* 122 Pa.Commonwealth Ct. at 63, 551 A.2d at 619. (Emphasis added).

In addition, the *Follett* court rejected the referee's conclusion that section 309(f) did not apply because the claimant had only worked for the employer for two calendar quarters. This court concluded that:

> Section 309(f) does not require that an employee must have worked for an employer for any specified period of time before the formula set forth therein can be used to calculate his average weekly wage. It merely defines that period within which wages must have been earned by the employee in order that they may be considered when calculating his average weekly wage.

*Id.*

> In *Blaschock I,* on remand of this case, the opinion stated: Although Claimant's position may ultimately have merit, the record fails to contain any evidence of Claimant's fifth completed quarter immediately preceding the date of his injury. It is therefore necessary to remand this matter for additional hearing on this issue and for the referee to determine, upon receipt of any additional evidence, whether Section 309(f) does in fact govern the calculation of Claimant's average weekly wage as opposed to other formulas contained in Section 309(e) of the Act.

*Blaschock,* 136 Pa.Commonwealth Ct. at 203, 582 A.2d at 724.

On remand, the referee took additional evidence, and found that the claimant's salary for the five calendar quarters preceding the date. of his injury were as follows:

|     | FROM     | TO       | WAGES     |
| --- | -------- | -------- | --------- |
| 1.  | 01/01/85 | 03/31/85 | $989.86   |
| 2.  | 04/01/85 | 06/30/85 | $5136.55  |
| 3.  | 07/01/85 | 09/30/85 | $2116.03  |
| 4.  | 10/01/85 | 12/31/85 | $0        |
| 5.  | 01/01/86 | 03/01/86 | $0        |

In accordance with *Follett,* and *Blaschock I,* this court concludes that both the last paragraph of section 309(e), and

section 309(f) apply to the present case. The claimant's calculated average weekly wage under the first paragraph of section 309(e), is $138.65. Under the last paragraph of section 309(e), the claimant's average weekly wage is $427.94. The last paragraph of that section states specifically that, if the amount calculated under the first paragraph of subsection (e) is *less* than the amount calculated under the formula in the last paragraph, then the larger amount applies.

This court remanded this case to determine whether there was any additional wage information which would affect the wage calculation under section 309(f), which requires a calculation based on the highest wage earned in the first four of the last five calendar quarters. In accordance with *Blaschock I* and *Follett*, if the referee found, from the new evidence, that the calculated amount under subsection (f) was less than the calculated average weekly wage under the formulas in subsection (e), then he should have concluded that subsection (f) would *not* apply.

Based on the evidence taken by the referee, the highest wage amount in the first four of the claimant's past five calendar quarters in which he worked is $5136.55, the wage amount from the second calendar quarter. Applying subsection (f)'s formula, the claimant's average weekly wage would be $395.11.

However, because the claimant's average weekly wage of $427.94 under the last paragraph of section 309(e) is *higher* than the $395.11 figure under subsection (f), the latter subsection does *not* apply. In addition, because the claimant's average weekly wage of $427.94 under the last paragraph of section 309(e) is higher than the amount of $138.65, calculated under the first paragraph of that section, that last paragraph is applicable to the present case. Thus, the claimant's calculated average weekly wage is $427.94, under the last paragraph of section 309(e), and his weekly compensation rate should be $285.29.

Accordingly, the decision of the board is vacated and this case is remanded to the board for calculation of the claimant's benefits in accordance with this decision.

## ORDER

NOW, May 5, 1993, the decision of the Pennsylvania Workmen's Compensation appeal Board, dated May 22, 1992, at No. A91–1785, is vacated and this case is remanded to the board for calculation of the claimant's benefits in accordance with this decision.

Jurisdiction relinquished.