647 A.2d 648

**FANTASTIC SAM'S and Cincinnati Insurance Company, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KOWALSKI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Aug. 25, 1994.

James M. Poerio and William S. Evans, for petitioners.

H. Keith Hauger, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

NEWMAN, Judge.

This is an appeal by Fantastic Sam's (Employer) and Employer's insurer, Cincinnati Insurance Company, from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision modifying the rate of compensation payable in a supplemental agreement to Dawna Jean Kowalski (Claimant) and awarding her attorney's fees.

## FACTS AND PROCEDURAL HISTORY

On May 21, 1989, Claimant began working for Employer as a hair stylist. On August 21, 1989, Claimant experienced a severe allergic reaction to the use of certain hair products that caused Employer to issue a notice of compensation payable on October 17, 1989, describing Claimant's injury as "contact dermatitis on hands." Pursuant to a statement of wages issued on the same date, Claimant received compensation at the rate of $158.99 per week, based on an average weekly wage of $176.65.[1] On September 18, 1990, Claimant and Employer entered into a supplemental agreement by which Claimant's compensation was converted from total disability to partial disability.

Employer filed a petition to review notice of compensation payable on February 25, 1991, alleging that the original notice of compensation was materially incorrect because there had been a miscalculation of Claimant's weekly wage rate. The referee conducted three hearings and issued his decision on December 28, 1992. The referee concluded that Employer had improperly calculated Claimant's weekly wage benefit.

1. The original statement of wages erroneously indicated that Claimant's beginning date of employment was May 25, 1989. The parties discovered this error during the referee's hearings.

Applying the last paragraph of Section 309(e) of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 582(e), the referee determined that Claimant's daily wage was $34.13. The referee then multiplied the daily wage by five, and computed Claimant's average weekly wage as $170.65.[2] The calculation is as follows:

| | | | 5/23/89 to |
|---|---|---|---|
| a. | $1567.24 | (Claimant's second period wages ..........8/21/89) | |
| | | | 5/21/89 to |
| | + 37.00 | (Claimant's first period wages .............5/23/89) | |
| | $1604.24 | (Claimant's total wages) | |
| b. | $1604.24 | (Claimant's total wages) | |
| | 47 | (Claimant's total days worked) | |

= $34.13 (Claimant's average wage per day)

| c. | $ 34.13 | (Claimant's average wage per day) |
|---|---|---|
| | × 5 | (days per week) |
| | $170.65 | (Claimant's average weekly wage) |

The referee applied the ninety percent compensation rate to the average weekly wage and determined that Claimant was entitled to compensation of $153.58 a week. The referee held that Employer should seek any recoupment of overpayment from the Supersedeas Fund.[3] Finally, the referee decided that Employer's petition for review was unreasonable and directed Employer to pay Claimant attorney's fees. The Employer appealed to the Board that affirmed the decision of the referee. The present appeal followed.

2. Although the referee attempted to apply the last paragraph of Section 309(e), he improperly divided Claimant's wages into 13 week periods from the date of the injury. The section actually requires that the wages be divided by "the two completed calendar quarters." This error is more fully discussed below.

3. Section 443 of the Act, 77 P.S. § 999, creates the Supersedeas Fund as a means to protect an insurer that makes workers' compensation payments to a claimant who ultimately is determined not to be entitled to benefits. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Company)*, 96 Pa.Commonwealth Ct. 566, 508 A.2d 388 (1986), *petition for allowance of appeal denied*, 514 Pa. 632, 522 A.2d 560 (1987). The fund is maintained by annual assessments on insurers and self-insurers.

## ISSUES

Employer presents two issues for our review: 1) whether the referee erred in calculating Claimant's weekly wage benefits pursuant to Section 309, and 2) whether the referee erred as a matter of law in concluding that Employer's petition for review was unreasonable.[4]

## DISCUSSION

1. *Was Claimant's Average Weekly Wage Improperly Calculated?*

For resolution of this issue, the applicable subsections of Section 309 are as follows:

(d) If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, ...

(e) ...

If under clauses (a), (b), (c), (d) and (e) of this section, the amount determined is less than if computed as follows, [t]his computation shall apply, viz.: Divide the total wages earned by the employe during the last two completed calendar quarters with the same employer by the number of days he worked for such employer during such period multiplied by five.

77 P.S. § 582.

Employer initially argues that the referee improperly calculated Claimant's average weekly wage. Specifically, Employer

---

**4.** Our scope of review of an administrative decision is limited to determining whether any constitutional rights have been violated, whether any error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. *Blaschock v. Workmen's Compensation Appeal Board (Yalena Construction Company)*, 155 Pa.Commonwealth Ct. 452, 625 A.2d 194, *petition for allowance of appeal denied*, 535 Pa. 643, 631 A.2d 1013 (1993).

contends that the referee should have applied Section 309(d) of the Act, 77 P.S. § 582(d), to determine Claimant's average weekly wage. Pursuant to Section 309(d), the calculation of Claimant's average weekly wage is as follows:

| From | To | Total Wages | Days Worked |
|------|------|-------------|-------------|
| 5/21/89 | 5/22/89 | $ 37.00 | 2 |
| 5/23/89 | 8/21/89 | $ 1567.24 | 45 |

$$\frac{\text{Highest period } \$1567.24}{13 \text{ weeks} \qquad 13} = \$120.56 \text{ average weekly wage}$$

---

Since the minimum compensation payable for 1989 was $133.00, Employer maintains that Claimant is entitled to that amount. Employer asserts that Section 309(d) is the only applicable section, and the referee committed an error in applying the last paragraph of Section 309(e), because Claimant did not earn wages during the last "two completed calendar quarters." Specifically, Employer emphasizes that Claimant's injury occurred on August 21, 1989; thus, according to Employer's interpretation of the last paragraph of Section 309(e), Claimant would have had to earn wages during the calendar quarters ending March 31 and June 30.[5] Since Claimant did not earn wages during the calendar quarter ending March 31, Employer argues that the referee could not calculate her average weekly wage for only one quarter under Section 309(e). In other words, Employer declares that the last paragraph of Section 309(e) is only applicable to claimants if they have earned wages in the last "two completed calendar quarters."

■ Section 309 of the Act sets forth the provisions for computing the average weekly wage on which the award of benefits must be based. It is clear from a reading of the section that the legislature intended that claimants should

---

**5.** The calendar quarters are:

| | | |
|------|---|-------------|
| January 1 | — | March 31 |
| April 1 | — | June 30 |
| July 1 | — | September 30 |
| October 1 | — | December 31 |

maximize their benefits pursuant to any of the applicable mathematical formulas contained in Section 309. *Frank M. Sheesley Co. v. Workmen's Compensation Appeal Board (Brant)*, 106 Pa.Commonwealth Ct. 227, 526 A.2d 450 (1987). To determine whether the referee erred in applying the last paragraph of Section 309(e) to this case, we must ascertain whether the language of the section, which mandates that the calculation is to be done by dividing "the total wages earned by the employe during the last two completed calendar quarters ...," means that Claimant is precluded from using that section since she did not have earned wages in one of those quarters.

In *Follett v. Workmen's Compensation Appeal Board (Massachusetts Mutual Life Insurance Company)*, 122 Pa.Commonwealth Ct. 58, 66, 551 A.2d 616, 620 (1988), *petition for allowance of appeal denied,* 522 Pa. 606, 562 A.2d 828 (1989), we interpreted the phrase "completed calendar quarters," contained in Section 309(f), and concluded that "for wages to be considered in calculating an employee's average weekly wage under Section 309(f), they must have been earned in the first four of the last five periods of three months beginning and ending on January 1 and March 31, April 1 and June 30, July 1 and September 30, October 1 and December 31, respectively, that were completed immediately prior to the date of the employee's injury." Although the claimant in *Follett* earned wages from his employer for only one completed quarter, this court calculated the claimant's average weekly wage pursuant to Section 309(f). It is important to note that in *Follett* the court did not find that the claimant had to have wages in each quarter for the calculation to apply.

Furthermore, we have recently applied the rationale in *Follett* to a case in which we reversed the Board's determination that a claimant could not avail himself of the last paragraph of Section 309(e) because he did not work for the employer for "two completed calendar quarters." In *Pike v. Workmen's Compensation Appeal Board (Bob Hart Contractors)*, 162 Pa.Commonwealth Ct. 455, 639 A.2d 887, 889 (1994), we held that:

[a]s in § 309(f) of the Act, the language in the last paragraph of § 309(e) of the Act merely sets forth the time in which wages must have been earned by the employee so that they may be considered in the calculation of his weekly wage. *The last paragraph of § 309(e) of the Act does not impose a requirement that the employee must have worked for a specified amount of time before application of its formula may be used.*

(Emphasis added).

In both *Follett* and *Pike,* we did not hold that wages had to be earned in the applicable calendar quarters. Instead, we held that only the wages earned in those calendar quarters could be considered for the mathematical calculations.

We now conclude that a claimant may avail himself or herself of the last paragraph of Section 309(e) even if the claimant has no earned wages in the preceding calendar quarter as long as he or she has wages in the following calendar quarter. We believe that this holding furthers the principle of Section 309, which allows claimants to maximize their average weekly wages. *Sheesley.* Moreover, this interpretation clearly advances the purposes of the Act, that is, to favor those it intends to benefit, namely claimants. *Visintin v. Workmen's Compensation Appeal Board (Hale Pump Company),* 127 Pa.Commonwealth Ct. 244, 561 A.2d 372 (1989). Finally, we note that although we did not directly discuss the issue, this court has applied the last paragraph of Section 309(e) to situations where the claimant had worked for only one day, and *ipso facto* did not have earned wages in the "last two completed calendar quarters." *See, e.g. Hankin Transportation v. Workmen's Compensation Appeal Board (Brutt),* 148 Pa.Commonwealth Ct. 217, 610 A.2d 530 (1992) *petition for allowance of appeal denied* 533 Pa. 614, 618 A.2d 403 (1993); and *American Mutual Insurance Company v. Workmen's Compensation Appeal Board (Davenport),* 108 Pa.Commonwealth Ct. 345, 530 A.2d 121 (1987). Thus, we hold that the referee did not err in applying the last paragraph of Section 309(e) to the present case.

 Although we conclude that the referee did not err in applying the last paragraph of Section 309(e) to the present case, we must, nevertheless, remand the matter to the Board with instructions to remand to the referee to conduct further proceedings, because he did not comply with the directive of the last paragraph of Section 309(e), which provides that the calculation must be effected pursuant to calendar quarters. The referee mistakenly performed his calculations by means of a thirteen-week period beginning with the date of injury. (See footnote 2, *supra*). The language of the last paragraph of Section 309(e) mandates that we accomplish the calculation with Claimant's earned wages for the calendar quarter ending June 30.[6] Because the record does not include this information, we must remand this matter so that the parties may present evidence concerning the amount of wages earned by Claimant during the calendar quarter ending June 30, 1989. *Pike.*

### 2. *Was Employer's Contest Unreasonable?*

Employer next argues that the imposition of attorney's fees by the referee was improper because its petition for review successfully resulted in a reduction of Claimant's average weekly benefit rate. With respect to this issue, the referee rendered the following pertinent conclusion of law:

> *Third:* This referee further finds as a fact that there was an unreasonable contest and that Claimant's attorney should be paid a fee by the Defendant and/or its Insurance Carrier in the amount of $920.00, the same representing 9.2 hours at the rate of $100.00 per hour.

Referee's decision of December 19, 1992 at 4.

 We note that the issue of whether there is a reasonable contest for purpose of an award of attorney's fees is a question of law based on an examination of the record subject to our review. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Company),* 159 Pa.Common-

---

**6.** Claimant's earned wages for the calendar quarter ending March 31 is zero.

wealth Ct. 622, 634 A.2d 267 (1993). Moreover, we have previously stated that an employer's contest is reasonable where an analysis of the law and review of the evidence in a particular case leads to different inferences. *Landis v. Workmen's Compensation Appeal Board (Zimmerman Motor Inc.)*, 43 Pa.Commonwealth Ct. 491, 402 A.2d 723 (1979).

In the instant case, there is little guidance in either the referee's or the Board's decision that sets forth the foundation of the award. Consequently, we are unable to determine if Employer's contest was initiated without first having evidence that there was an improper miscalculation of Claimant's average weekly wage. *Kuney v. Workmen's Compensation Appeal Board (Continental Data Systems and PMA Insurance Co.)*, 127 Pa.Commonwealth Ct. 628, 562 A.2d 931 (1989). Moreover, a review of the record does not reveal whether Employer's legal arguments before the referee were presented as they are to this court. Finally, we note that after the calculations of Claimant's weekly wage are effected as set forth above, the result may be that she receives greater compensation benefits than she presently receives. For these reasons, we stress that an award of attorney's fees in this case, as in all cases, should be based on specific findings as to the reasonableness of an employer's contest. Thus, on remand, if the referee believes that an award of attorney's fees is still warranted, he should clearly delineate the reasons for the imposition of attorney's fees against the Employer on the record. *See, e.g. Boothman v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 74 Pa.Commonwealth Ct. 234, 459 A.2d 1317 (1983).

Accordingly, we vacate the decision of the Board and remand this matter to the Board with instructions to remand to the referee to conduct further proceedings according to this opinion.

## ORDER

AND NOW, August 25, 1994, we vacate the order of the Workmen's Compensation Appeal Board in the above-cap-

tioned matter, and remand the matter to the Board with instructions to remand to the referee to conduct further proceedings according to this opinion.

Jurisdiction is relinquished.