**CASSELL PAVING, INC. and Zurich–American Insurance, Petitioners,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (WARD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 22, 2002.

Decided June 25, 2002.

R. Burke McLemore, Jr., Harrisburg, for petitioner.

Stephen M. Greecher, Jr., Harrisburg, for respondent.

Before FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Cassell Paving, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting Claimant's Review Petition and amending

his average weekly wage. We vacate and remand.

Donald Ward (Claimant) began working for Employer on March 13, 1995. Pursuant to a Notice of Compensation Payable, he began receiving compensation benefits in the amount of $244.30 per week based on an average weekly wage (AWW) of $271.50 for a work-related lower back injury that occurred on July 19, 1995. On July 24, 1997, Claimant filed a Review Petition asserting that his Statement of Wages is incorrect and seeking to have it modified to reflect an AWW of $452.75 with a corresponding compensation rate of $301.84. Employer filed an Answer denying that the AWW was calculated incorrectly.

■ On February 17, 1998, the WCJ issued a decision finding that Claimant's AWW could not be calculated under Section 309(e) of the Workers' Compensation Act (Act)[1] using completed calendar quarters because Claimant was not employed for the entire two completed calendar quarters preceding his work injury. Rather, the WCJ concluded that Claimant's AWW should be calculated under Section 309(d) of the Act which resulted in an AWW calculation of $271.60. Claimant appealed to the Board, which vacated the decision of the WCJ and remanded this case to him with instructions to determine Claimant's earnings in the two completed calendar quarters preceding his injury (January 1, 1995–March 31, 1995 and April 1, 1995–June 30, 1995) and calculate his AWW pursuant to Section 309(e) and in a manner consistent with our holding in *Fantastic Sam's v. Workmen's Compensa-*

*tion Appeal Board (Kowalski)*, 167 Pa. Cmwlth. 130, 647 A.2d 648 (1994). On remand, the WCJ issued a decision dated April 6, 2000 stating that he calculated Claimant's average weekly wage under Section 309(e) of the Act which resulted in an AWW of $452.70 with a compensation rate of $301.49. Employer appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[2]

■ Employer argues that 1) the Board erred by vacating the original decision of the WCJ calculating Claimant's AWW under Section 309(d) of the Act, 2) The WCJ erred by calculating Claimant's average weekly wage under Section 309(e) of the Act, 3) the WCJ failed to issue a reasoned decision as required by Section 422(a) of the Act and 4) Claimant waived his right to appeal the WCJ's initial decision because he did not contest the computation under Section 309(d) at the initial proceedings before the WCJ.

Claimant was injured on July 19, 1995. For most purposes, Act 57[3] became effective 60 days after it was enacted on June 24, 1996. However, the amendments to the average weekly wage calculation became effective immediately for injuries occurring on or after June 24, 1996. *See Powell v. Workers' Compensation Appeal Board (Community Dialysis Center)*, 789 A.2d 866, 868 n. 2 (Pa.Cmwlth.2002). Because Claimant's injury occurred prior to that date, those amendments would not apply to this case. Therefore, we must apply the pre-Act 57 version of Section 309 which provided, in relevant part:

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582.

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

3. Act of June 24, 1996, P.L. 350.

Wherever in this article the term "wages" is used, it shall be construed to mean the average weekly wages of the employe, ascertained as follows:

(d) If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury . . .

(e) If under clauses (a), (b), (c), (d) and (e) of this section, the amount determined is less than if computed as follows, [t]his computation shall apply, viz.: **Divide the total wages earned by the employe during the last two completed *calendar quarters* with the same employer by the number of days he worked for such employer during such period multiplied by five.**

77 P.S. § 582 (emphasis added). The "calendar quarters" referenced in Section 309(e) are distinct from the 13–week periods used to calculate the AWW in other parts of Section 309. As such, calculating a claimant's AWW using 13–week periods and calendar quarters will produce a different result. The calendar quarters are:

| | | |
|---|---|---|
| First: | January 1 - | March 31 *Claimant began working (March 13)* |
| Second: | April 1 - | June 30 |
| Third: | July 1 - | September 30 *Claimant's injury (July 19)* |
| Fourth: | October 1 - | December 31 |

Employer argues that Section 309(e) is not applicable to this case because Claimant did not earn wages in two "completed calendar quarters" prior to his injury. Employer reasons that Claimant was injured on July 19, 1995 during the *third* quarter. The last two calendar quarters prior to the work injury are the *second* and the *first*. Claimant worked for Em-

ployer during the entire second quarter. However, because Claimant only began working for Employer on March 13, 1995, he only worked 18 days of the first quarter and thus did not work for a "complete" calendar quarter. Because there are not two "completed calendar quarters" prior to the injury, Section 309(e) cannot be utilized in calculating Claimant's AWW.

In *Pike v. Workmen's Compensation Appeal Board (Bob Hart Contractors )*, 162 Pa.Cmwlth. 455, 639 A.2d 887 (1994), the claimant began working for Employer in September of 1990 and suffered a work-related injury in January of 1991. Thus, the previous two calendar quarters were October 1–December 31 and July 1–September 30. Despite the fact that the claimant began working for the employer in September and thus did not work for the entire July 1–September 31 calendar quarter, we held that the claimant could still have his AWW calculated under Section 309(e):

As in § 309(f) of the Act, the language in the last paragraph of § 309(e) of the Act merely sets forth the time in which wages must have been earned by the employee so that they may be considered in the calculation of his weekly wage. **The last paragraph of § 309(e) of the Act does not impose a requirement that the employee must have worked for a specified amount of time before application of its formula may be used.**

*Id.* at 889 (emphasis added). Additionally, in *Follett v. Workmen's Compensation Appeal Board (Massachusetts Mutual Life Insurance Company )*, 122 Pa.Cmwlth. 58, 551 A.2d 616 (1988), we held that a claimant does not have to earn wages in each quarter when calculating a Claimant's wages under Section 309(f). Furthermore, in *Fantastic Sam's*, we stated that:

In both *Follett* and *Pike,* we did not hold that wages had to be earned in the applicable calendar quarters. Instead, we held that only the wages earned in those calendar quarters could be considered for the mathematical calculations.

We now hold that a claimant may avail himself or herself of the last paragraph of Section 309(e) even if the claimant has no earned wages in the preceding calendar quarter as long as he or she has wages in the following calendar quarter.

. . .

Although we conclude that the referee did not err in applying the last paragraph of Section 309(e) to the present case, we must, nevertheless, remand the matter to the Board with instructions to remand to the referee to conduct further proceedings, because he did not comply with the directive of the last paragraph of Section 309(e), which provides that the calculation must be effected pursuant to calendar quarters. The referee mistakenly performed his calculations by means of a thirteen-week period beginning with the date of injury.

*Fantastic Sam's,* 647 A.2d at 652.

Employer states in its brief that "[i]t is respectfully submitted that this Court's decisions in *Fantastic Sam's, Follet[t],* and similar cases have simply disregarded the use of the term 'completed'. In doing so, the statute has been 'dissected into individual words' . . ." We disagree. In the case *sub judice,* Claimant suffered an injury in the third calendar quarter. Thus, the two previous calendar quarters are the second and the first. Claimant worked for Employer during the entire second calendar

quarter but only worked a portion of the first calendar quarter. This presents a situation identical to the one in *Pike.* Therefore, pursuant to *Pike* and *Fantastic Sam's,* Claimant may have his AWW calculated under Section 309(e) even though he did not work for Employer during the entire first quarter.

However, like the workers' compensation judge in *Fantastic Sam's,* the WCJ in this case mistakenly calculated Claimant's AWW by using 13–week periods rather than *calendar quarters.*[4] This is evident because this Court performed the AWW calculation under Section 309(e) using the wage information for the 13–week periods set forth in Claimant's Statement of Wages and reached the same result as the WCJ. Employer apparently set forth the correct calculation in its brief to the WCJ and supplied the information necessary to perform this calculation to the WCJ. In Finding of Fact No. 15, the WCJ states that "[t]he brief of defendant contains their method of calculation. This Judge felt that the factual presentation in that brief was accurate." However, the WCJ inexplicably did not use this information in performing the calculation under Section 309(e). In its brief to this Court, Employer also sets forth a calculation under Section 309(e) using calendar quarters.[5] However, the information used to perform this calculation is not part of the Certified Record of this case. Thus, it is not possible for this Court to perform an accurate AWW calculation. Therefore, we remand this case to the WCJ to allow him to calculate Claimant's AWW under Section 309(e) using *calendar quarters.* If necessary, the parties shall stipulate as to Claimant's wages and days worked during the relevant *calendar quarters* set forth

---

4. The Board apparently did not realize that the WCJ made this error and thus did not address this issue.

5. We note that although Employer sets forth the calculation under Section 309(e), it still maintains that it should not be used in this case and that Claimant's wages should be calculated under Section 309(d).

above and shall enter such information into the record so the WCJ may perform an accurate calculation.[6]

Accordingly, the order of the Board is vacated and this case is remanded to the Board for further remand to the WCJ to conduct further proceedings consistent with this opinion.[7]

### ORDER

AND NOW, June 25, 2002, the order of the Workers' Compensation Appeal Board (Board) docketed at A00–1013 and dated November 26, 2001 is hereby VACATED and this cases is REMANDED to the Board for further remand to the WCJ for further proceedings consistent with this opinion.

Jurisdiction relinquished.

6. With regard to Employer's argument that Claimant waived his right to challenge the AWW calculation, we can find no support for this argument. At the initial proceedings before the WCJ, Claimant did not challenge the AWW calculation. However, he subsequently filed a Review Petition challenging the AWW set forth in the NCP and seeking to have it amended. This course of action is permitted by the Act and entirely appropriate, as Section 413(a) of the Act, 77 P.S. § 771, provides that: "A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable ... upon petition filed by either party with the department ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect."

7. Because we vacate and remand, we need not address Employer's reasoned decision argument.