644 A.2d 726

**LANE ENTERPRISES, INC. and Commercial Union Insurance Company, Appellants,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PATTON), Appellees.**

Supreme Court of Pennsylvania.

Argued March 7, 1994.

Decided July 5, 1994.

Reargument Denied Aug. 25, 1994.

P. Ronald Cooper, Reding, Rea & Cooper, P.C., Pittsburgh, for appellants.

Thomas R. Bond, Michelle R. Punturi, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, for amicus curiae, Pennsylvania Defense Institute.

William G. Cohen, New Castle, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

We granted the Appellants' Petition for Allowance of Appeal to consider a single issue: whether an annual bonus should be prorated as wages over the whole year or only in the quarter in which it was paid.[1] Both the Workmen's Compensation Appeals Board and Commonwealth Court, 150 Pa.Cmwlth. 395, 615 A.2d 975, concluded that claimant's bonus paid on February 27, 1987, should be considered as part of claimant's wages for the quarter in which it was paid. Because we disagree, we reverse.

[1]. Appellants also requested our review of the Commonwealth Court determination that a bonus is "wages" under the Workmen's Compensation Act. However, we declined to review that determination.

■ Our scope of review in this matter is well founded. We will not disturb the Board's action unless an error of law has been committed, constitutional rights have been violated, or necessary findings of fact are not supported by substantial evidence. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994). Because we hold that both the Board and Commonwealth Court committed an error of law, we must reverse the Board's action and remand this matter to the Board for recalculation of claimant's benefits.

The claimant, Audley Patton, worked as a welder for Lane Enterprises, Inc. (Lane) until April 24, 1987, when he developed a work-related disability from exposure to zinc fumes. A Notice of Compensation Payable was issued on November 28, 1988, providing for a weekly disability rate of $313.77 based upon an average weekly wage of $470.65. This Notice was calculated from a wage statement completed by Lane including a $2,750 bonus paid to the claimant and prorated over each of the four quarters included in the wage statement.

Approximately a year later, claimant filed a Petition for Review seeking to have the entire bonus included in the quarter in which it was actually paid. In response to claimant's Petition for Review, Lane filed a Petition for Review seeking a reduction in the amount of compensation payable by excluding the bonus as wages in calculating the "average weekly wage" under the Act.

Section 309 of the Act sets forth the appropriate calculations for determining "wages" for compensation purposes:

§ 582. **Wages; computation for purpose of determining compensation**

Wherever in this article the term "wages" is used, it shall be construed to mean the average weekly wages of the employe, ascertained in accordance with rules and regulations of the department as follows:

(a) If at the time of the injury the wages are fixed by the week, the amount so fixed shall be the average weekly wage;

(b) If at the time of the injury the wages are fixed by the month, the average weekly wage shall be the monthly wage so fixed multiplied by twelve and divided by fifty-two;

(c) If at the time of the injury the wages are fixed by the year, the average weekly wage shall be the yearly wage so fixed divided by fifty-two;

(d) If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury, or in case the employe receives wages, monthly or semi-monthly, by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of three consecutive calendar months in the year immediately preceding the injury;

\*   \*   \*

(Footnote omitted.)  77 P.S. § 582.  In affirming the Board, the Commonwealth Court relied upon subsection (d) above and its own holding in *Boro of Midland v. Workmen's Compensation Appeal Board (Granito)*, 127 Pa.Cmwlth.Ct. 462, 561 A.2d 1332 (1989).

In *Boro of Midland,* a dispute arose as to the allocation of vacation pay.  The claimant argued that the vacation pay should be included in the quarter it was paid, while the employer contended that it should be prorated over the entire year.  In affirming the Board which had accepted the claimant's argument, initially, Commonwealth Court acknowledged that the Workmen's Compensation Act is remedial in nature and that no provision of the Act indicated that vacation pay should be prorated throughout the year rather than be included in a particular quarter.  The court was then persuaded by two factors:  1) a lack of evidence to contradict a factual conclusion that the employer had treated the vacation pay as wages during the fourth quarter, and 2) reliance upon a

provision of § 309(d) which provides that the "average weekly wage shall be the most favorable to the employee." Under these circumstances, the Commonwealth concluded that the Board committed no error of law when it included claimant's vacation pay in the quarter it was received.

Like the court in *Boro of Midland,* Commonwealth Court in this instance concluded that § 309(d) required the referee to include the bonus in the quarter it was received rather than being prorated over the year. It did so by relying upon the language of subsection (d) which states that ". . . the average weekly wage shall be the wage most favorable to the employee . . .".

■ Unlike Commonwealth Court, we are not persuaded that the above-quoted language of subsection (d) supports the conclusion that a bonus must be included in the quarter paid to ensure the most favorable wage to the employee. Instead, the above-quoted language plainly refers to selecting the highest average weekly wage from the four 13–week periods. The phrase immediately following the above-quoted language states "computed by dividing by thirteen the total wages a said employee earned in the employ of the employer in the first, second, third, or fourth period of thirteen weeks. . . ." Clearly, Commonwealth Court has taken the "most favorable" language above out of context.

Likewise, reliance upon *Boro of Midland* is misplaced. Unlike the employer in *Boro of Midland,* Lane did provide evidence that the bonus claimant received was "earned" as the result of job performance during 1986. In fact, the referee specifically found that the bonus was based upon profits and performance during 1986. In contrast, the employer in *Boro of Midland* argued that claimant's vacation pay was earned during 1983 when in fact the employer treated it as wages in the fourth quarter of 1984. Accordingly, the *Boro of Midland* does not control the disposition of this appeal.[2]

2. Although we are declining to follow the rationale of *Boro of Midland* in this appeal, this opinion should not be construed as a definitive ruling that vacation pay must be allocated throughout the year rather

Section 309 does not directly address the issue here of the proper allocation of a "bonus." There is no dispute that the bonus is calculated on the basis of *yearly* performance. Section 309(c) indicates that if at the time of injury the wages are fixed by the year, the average weekly wage is calculated by dividing the yearly wage by fifty-two. Effectively, if an employee receives a yearly wage, that yearly wage is prorated over fifty-two weeks under Section 309(c). Although technically claimant's bonus is not a yearly wage, it is monies earned over a year's time and paid in one lump sum. In that respect, claimant's bonus is very similar to a yearly wage. In those instances when a claimant receives a yearly wage, the legislature has indicated that that yearly wage must be prorated over fifty-two weeks. No rational reason has been presented to treat claimant's bonus any differently.

Although we are cognizant that the Act is remedial in nature and intended to benefit employees and should be liberally construed to effectuate its humanitarian objectives, *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 597 A.2d 1116 (1991), in ascertaining legislative intent we are mindful that the legislature does not intend an absurd or unreasonable result. 1 Pa.C.S. § 1922. As such, reading subsection (d) as Commonwealth Court does under these facts would create such an unreasonable result. Although it is undisputed that the bonus is earned over a year's time, Commonwealth Court would require that the bonus be considered in the quarter it is received. If a bonus based on the overall success of the business over a prior year is "earned" for purposes of entitlement of compensation, why should that bonus not be prorated over that prior year? Reason dictates that it should.

The Order of the Commonwealth Court is reversed, and the matter is remanded to the Workmen's Compensation Appeal Board for further consideration not inconsistent with this opinion.

than the quarter it is paid. Since the issue of vacation pay is not before us, we will leave that determination for another day.

PAPADAKOS, J., files a concurring opinion in which CAPPY, J., joins.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

PAPADAKOS, Justice, concurring.

I concur in the result reached by the majority only because Appellee's brief admits (at page 5 thereof) that the bonus earned by the claimant in this case was, in fact, a distribution from an established profit sharing plan (although it was not, for tax reasons, so characterized) and hence earned over the course of the full previous year. We should not, however, adopt a *per se* rule treating all bonuses that way under the Worker's Compensation Act. It is entirely possible that a "bonus" may be paid in some circumstances that is a one-time payment that should not be prorated over a full year's period. A *per se* rule is, on that basis, inherently unfair and may unlawfully punish workers in many cases.

CAPPY, J., joins this concurring opinion.