**EXIDE CORPORATION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KAMENAS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 29, 1994.

Decided Aug. 23, 1994.

Publication Ordered Jan. 25, 1995.

---

Gary S. Williams, for petitioner.

MaryKay Rauenzahn, for respondent.

Before CRAIG, President Judge, and NEWMAN, J., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Exide Corporation (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) that affirmed a decision of a referee [1] who concluded that the average weekly wage of Gerald Kamenas (Claimant) is $936.34.[2]

The issue in this case is whether the referee erred in calculating Claimant's average weekly wage. The referee calculated the wage by including, in Claimant's highest quarter, pay he received for three weeks annual vacation, and three weeks for which Claimant received regular pay for work he performed. Employer contends that, even if the referee did not apply an erroneous standard, the standard applied is improper because, Employer asserts, it allows "double dipping."

Employer argues that this court's decision in *Borough of Midland v. Workmen's Compensation Appeal Board (Granito)*, 127 Pa.Commonwealth Ct. 462, 561 A.2d 1332 (1989), the case upon which the referee and the Board relied, is contrary to Section 309 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582.

In the Pennsylvania Supreme Court's recent decision in *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 537 Pa. 426, 644 A.2d 726 (1994), the court stated that this court in *Borough of Midland*, had given too broad an interpretation to Section 309 of the Act, and concluded that this court had erred in *Lane* in affirming the Board, which had calculated the claimant's average weekly wage by allocating a bonus the claimant had received, solely to the quarter he received it, rather than prorating the bonus over the entire year. This conclusion to prorate the bonus over the entire year is in fact supported by evidence that the claimant had received the bonus for his work performance throughout 1986.

In *Borough of Midland*, on the other hand, the court noted that the employer had treated the claimant's vacation pay as wages in the fourth quarter of 1983. Because of this factual difference, the Supreme Court in *Lane* declined to reverse *Borough of Midland*, but did set forth two significant factors to be considered: (1) the manner in which the employer treats the vacation pay or bonus, and (2) whether the pay is attributable for work performed for an entire year or a smaller period of time.

In the case *sub judice*, Employer clearly disagreed with the referee's allocation of the entire vacation pay to the last quarter by referring to it as "double dipping." As to the second factor, the term "annual vacation pay" by definition would indicate that the pay is attributable for work performed for the entire year.

Accordingly, the referee, as well as the Board, erred in attributing the vacation pay to the fourth quarter instead of attributing it to the entire year and prorating it on a yearly basis in arriving at Claimant's average weekly wage. Therefore, the order of the Board is reversed, and this case is remanded for calculation of Claimant's average weekly wage consistent with this opinion.

### ORDER

NOW, August 23, 1994, the order of the Workmen's Compensation Appeal Board, dated November 19, 1993, at No. A93–1092, is reversed, and this matter is remanded to the referee for calculation of Gerald Kamenas' average weekly wage consistent with the foregoing opinion.

Jurisdiction relinquished.

---

1. Pursuant to the July 2, 1993 amendment to Section 401 of the Worker's Compensation Act, 77 P.S. § 701, effective sixty days from that date, the position of referee is thereafter to be designated Worker's Compensation Judge. In accordance with that statute, and to avoid confusion, this court employs the designation of the adjudicator which appears in the record. Of course, the designation of the adjudicator will depend on whether the adjudicator reached the decision before or after the effective date of the statute.

2. This case was reassigned to the authoring judge on July 8, 1994.