**CORNING, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (BRYNER),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1996.

Decided Oct. 29, 1996.

David M. McCloskey, Pittsburgh, for Petitioner.

Daniel K. Bricmont, Pittsburgh, for Respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Corning, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), and the sole issue before us on appeal is the method used in calculating the average weekly wage of Thomas Bryner (Claimant).

On June 11, 1992, Claimant sustained an injury to his back and neck while working for Employer. Employer issued a notice of compensation payable which listed Claimant's average weekly wage as $1,032.65. On July 19, 1993, Claimant filed a review petition asserting that Employer erred in its calculations of his average weekly wage.

Basically, Claimant was an hourly wage employee,[1] but had received an annual, lump sum vacation payment of $3667.96 and an annual lump sum "goal sharing" bonus of $455.24 during the first quarter of 1992. The Workers' Compensation Judge (WCJ), the Board and the parties all agree that Claimant's annual goal sharing bonus has to be prorated over the year in which it was earned and, therefore, is not an issue on appeal. *See Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton),* 537 Pa. 426, 644 A.2d 726 (1994).

The precise issue before the WCJ, however, was whether Claimant's lump sum vacation pay should be included, for the purpose of calculating his average weekly wage, in the first quarter of 1992, when it was paid, or prorated over the previous entire year when it was earned. If the vacation pay was calculated by including it when paid in the first quarter of 1992, Claimant's average weekly wage would be $1,270.53. If, however, the payment was prorated over the entire previous year, Claimant's average weekly wage would be $1,032.65, which would, of course, result in a lower weekly benefit to Claimant.

After a hearing, the WCJ determined that Claimant's vacation pay should be prorated over the entire year based on the Supreme Court's holding in *Lane* where the circumstances dealt with an annual bonus, not vacation pay. The Supreme Court in *Lane,* however, specifically declined to address the separate, but similar, issue of a lump sum payment for vacation pay paid at a time other than an employee's actual vacation.

Claimant appealed to the Board, maintaining that the lump sum vacation payment should have been included in his pay for the first quarter of 1992. The Board agreed and

1. Section 309(d) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582(d), provides in pertinent part as follows:

If at the time of the injury the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth, period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the injury. . . .

reversed the WCJ, relying principally on this Court's decision in *Boro of Midland v. Workmen's Compensation Appeal Board (Granito),* 127 Pa.Cmwlth.462, 561 A.2d 1332 (1989),[2] which held that a deceased employee's annual vacation pay was to be included in the quarter when paid (June of 1984) and not prorated over the previous year (1983) when it was actually earned.

On appeal Employer contends that the rationale underlying *Boro of Midland* is no longer applicable in light of this Court's *en banc* decision in *Eljer.* We agree.

In *Eljer,* this Court reexamined the issue of the lump sum payments of vacation pay, distinguished *Boro of Midland,* and determined that such vacation pay must be prorated over the period when it was actually earned, rather than included in the quarter when it was paid to the employee.

The Claimant in *Eljer* received a pre-vacation lump-sum payment as his "annual vacation pay." Claimant had argued that the payment should be treated, for purposes of calculating his average weekly wage, as being included in the quarter in which it was paid. Employer, however, argued that the payment should be prorated over the year in which it was earned. The *Eljer* Court reasoned that because the collective bargaining agreement between the parties specified that annual vacation pay was earned throughout the year, the annual lump sum vacation payment must be prorated over that same period.[3]

In the present case, Employer's Plant Controller, Richard Back explained that

[i]t is Corning's practice to issue vacation pay to its employees during the first half of each year and not when the vacation is actually taken. When an employee takes any of his vacation, regardless of the amount, they will receive their entire vacation allotment for the whole year at that time.... [V]acation pay is based on the prior year's earnings.... (Emphasis added.)

(Letter dated 2/18/94 at 1; Reproduced Record at 44a.)

Therefore, since Claimant's vacation pay was earned over the course of an entire year, like *Eljer,* it should be prorated over that year when calculating Claimant's average weekly wage.

Accordingly, the Board's order is reversed and the WCJ's decision is reinstated.[4]

### ORDER

NOW, October 29, 1996, the order of the Workmen's Compensation Appeal board in the above-captioned matter is hereby reversed and this case is remanded to the Board for determination of Claimant's weekly wage.

Jurisdiction relinquished.

---

2. The Board also relied upon the *previous* decision of this Court in *Eljer Industries v. Workmen's Compensation Appeal Board (Johnson),* 670 A.2d 203 (Pa.Cmwlth.1996), which had been decided by a panel of three judges and filed on February 13, 1995 as a reported opinion. That decision, however, had decided the issue contrary to the present *en banc* opinion in *Eljer.* The employer, in *Eljer,* on February 25, 1995, petitioned this Court for reargument before the Court *en banc* on the grounds of a conflict in the law, citing the Supreme Court's decision in *Lane* and this Court's opinion in *Exide Corp. v. Workmen's Compensation Appeal Board (Kamenas),* 653 A.2d 50 (Pa.Cmwlth.1994), decided in 1994, but published in January of 1995. We granted the employer's application, and vacated the previous *Eljer* decision by an order dated April 13, 1995. Therefore, when the Board wrote its opinion, which was *filed* on January 16, 1996, the *en banc* opinion in *Eljer* had not yet been filed. The previous opinion in *Eljer,* for reasons of accuracy, may be found at *Eljer Industries v. Workmen's Compensation Appeal Board (Johnson),* No. 1434

C.D.1994, 1995 WL 59584, 1995 Pa. Commw. LEXIS 90 (Pa.Cmwlth.1995). The Board in its opinion, therefore, was accurate when it quoted from this Court's previous opinion in *Eljer.*

3. Our decision in *Eljer* brought the treatment of lump sum vacation payments into accord with the treatment of annual bonus payments under *Lane.* In *Lane* the Supreme Court reasoned that since a bonus is earned over a year's time, it is analogous to a yearly wage, and, therefore, held that annual bonuses must be prorated over the period earned.

4. Counsel for the Claimant, Daniel K. Bricmont, Esquire, of the Allegheny Bar, in his **appellee's** brief to this Court states succinctly that the Supreme Court's decision in *Lane* and this Court's decision in *Eljer,* clarifies the law on this issue and requires the Claimant to concur with the appellant/Employer's position to reverse. Such candor is commendable and exhibits the finest traditions of the Bar under Rule 3.3 of the Pa. Rules of Professional Conduct.