**Andrew BRIMMER, Petitioner,**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (NORTH AMERICAN REFRACTORIES), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1999.

Decided March 7, 2000.

Reargument Denied May 8, 2000.

Thomas J. O'Brien, Philadelphia, for petitioner.

Francis P. Fitzsimmons, Philadelphia, for respondent.

Before McGINLEY, J., KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Andrew Brimmer (Claimant) petitions for review of the March 11, 1999 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) granting the review petition filed by North American Refractories (Employer). We reverse.

Claimant suffered a work-related injury on July 7, 1993 and Employer accepted liability for the injury by way of a notice of compensation payable (NCP) issued Au-

gust 13, 1993. Claimant received $475 per week, based on an average weekly wage of $1021.70. In calculating Claimant's average weekly wage, Employer included a lump sum distribution of vacation pay, in the amount of $2864.21, in one of the four thirteen-week periods used for that computation. See Section 309 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582.

On April 7, 1997, Employer filed a review petition seeking to recalculate Claimant's average weekly wage by spreading the amount of the vacation pay over the year in which it was earned. In support of its petition, Employer presented the testimony of its personnel manager and another employee concerning the manner in which Claimant's average weekly wage had been calculated. Their testimony, accepted as credible by the WCJ, established that Employer determined the amount of an employee's vacation pay by multiplying the employee's gross earnings from the prior year by a percentage based on the employee's seniority. An employee's vacation pay is tendered in one lump sum, usually in January or February of each year, at the employee's request.

Relying on *Eljer Indus. v. Workmen's Compensation Appeal Board (Johnson),* 670 A.2d 203 (Pa.Cmwlth.1996) and *Exide Corp. v. Workmen's Compensation Appeal Board (Kamenas),* 653 A.2d 50 (Pa. Cmwlth.1994), the WCJ granted Employer's petition, concluding that Claimant's vacation pay should have been prorated over the entire year in determining his average weekly wage. Claimant appealed to the Board, arguing that the WCJ erred in retroactively applying the law. The Board affirmed, opining that these decisions did not change the law, but merely clarified it.

On appeal to this Court,[1] Claimant argues that the Board erred in concluding that Employer met its burden of proving that a material mistake of fact or law was made at the time the NCP was executed. Claimant argues that Employer's calculation of his average weekly wage was consistent with this Court's holding in *Boro of Midland v. Workmen's Compensation Appeal Board (Granito),* 127 Pa.Cmwlth.462, 561 A.2d 1332 (1989), and that the NCP cannot be modified in reliance on subsequent decisions.

In *Boro of Midland,* the claimant was paid compensation pursuant to an NCP in which the employer had prorated the decedent employee's vacation pay over the entire year when calculating the average weekly wage. The claimant filed a review petition, arguing that the vacation pay should have been included in the fourth quarter wages preceding the decedent's injury. The referee granted the petition, finding that the wage transcript submitted by the employer clearly reflected that the vacation pay was included in the decedent's fourth quarter wages, that the payment was made almost a year prior to the decedent's death, and that various tax and social security deductions were made at that time. The Board affirmed and the employer appealed.

In a case of first impression, the *Boro of Midland* court noted that the Board had treated the vacation pay just as the employer had treated it in its wage transcript. The court further observed that Section 309(d) of the Act contains no provision for the prorating of wages paid in any particular quarter. In light of the Act's remedial purpose, the *Boro of Midland* court declined to read such a provision into the Act, particularly where it would work to reduce the claimant's average weekly wage. Accordingly, the court held that the referee committed no error in allocating

1. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

the vacation pay to the fourth quarter wages in calculating the average weekly wage.

The following year, the Supreme Court addressed the issue of the proper allocation of a claimant's annual bonus for purposes of determining the average weekly wage. *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 537 Pa. 426, 644 A.2d 726 (1994). In *Lane*, there was no dispute that the claimant's bonus was calculated on the basis of the claimant's yearly performance. The *Lane* court concluded that *Boro of Midland* was not controlling and also disagreed with this court's analysis in that case. The *Lane* court held that for purposes of determining a claimant's average weekly wage, a claimant's annual bonus should be prorated over the entire year, rather than as a lump sum payment of wages in the quarter in which it is received. However, although the *Lane* court declined to follow the rationale set forth in *Boro of Midland*, it specifically stated that its decision did not apply to vacation pay, as that issue was not before the court.

This Court revisited the issue of vacation pay in *Exide Corp. v. Workmen's Compensation Appeal Board (Kamenas)*, 653 A.2d 50 (Pa.Cmwlth.1994).[2] In that case, the referee and the Board relied on *Boro of Midland* and calculated the claimant's average weekly wage by including, in the claimant's highest quarter, pay he received for three weeks annual vacation. The employer appealed, arguing that our decision in *Boro of Midland* was contrary to Section 309 of the Act. Relying on *Lane*, the *Exide* court held that two factors must be considered when determining the correct treatment of vacation pay: 1) the manner in which the employer treats the vacation pay and 2) whether the vacation pay is attributable to work performed over the entire year. The *Exide* court distin-

guished the facts of that case from those in *Boro of Midland* and concluded that the record clearly reflected that the vacation pay at issue was attributable to a year's work. Therefore, the *Exide* court held that it must be prorated over the entire year in calculating the claimant's average weekly wage.

This Court subsequently confirmed that where vacation pay was based on a claimant's earnings from the previous year, the vacation pay must be prorated when calculating his average weekly wage. *Eljer Ind. v. Workmen's Compensation Appeal Board (Johnson)*, 670 A.2d 203 (Pa. Cmwlth.1996) (*en banc*). In *Eljer*, as in the present appeal, the claimant's vacation pay was calculated by multiplying his prior year's earnings by a percentage that depended upon his length of service. The claimant in *Eljer* also had the option of receiving his vacation pay in a lump sum in January or electing to defer it until the vacation actually was taken. The referee ruled in the claimant's favor, directing the employer to calculate the claimant's average weekly wage by including lump sum payments for vacation as wages at the time of their actual payment. The Board affirmed, and a panel of the Court initially affirmed the agency's decision, relying on *Boro of Midland*.[3] The employer subsequently filed an application for reargument before the Court *en banc* on the grounds that the decision was contrary to the rationale set forth in *Lane*. The Court granted the employer's application for reargument and withdrew its prior opinion and order.

The *Eljer* court reviewed the historical treatment of vacation pay and concluded that there was no reason to treat the vacation pay at issue in that case differently from the annual bonus paid in *Lane*. Relying on *Lane* and *Exide*, the *Eljer* court held that, in general, vacation pay is an annual payment earned over the course

---

**2.** Although decided in 1994, the opinion in *Exide Corp.* was not ordered to be published until January 25, 1995.

**3.** *Eljer Indus. v. Workmen's Compensation Appeal Board (Johnson)* (No. 1434 C.D.1994, 1995 WL 59584, filed February 13, 1995.)

of the year and, as such, it is appropriate to prorate those payments over the entire year when calculating the average weekly wage. The *Eljer* court declined to expressly overrule *Boro of Midland,* but emphasized that the *Boro of Midland*'s holding is narrowly limited to the facts of that case.

In this appeal, the sole issue before the Court is whether Employer met its burden of proof on its petition to review the NCP. Section 413 of the Act provides that a WCJ may modify or set aside an NCP or agreement if it be proved that the NCP or agreement *"was* in any material respect incorrect." 77 P.S. § 771 (emphasis added). The party seeking modification bears the burden of proving that a material mistake of fact or law was made *at the time the NCP or agreement was executed. Birmingham Fire Insurance Co. v. Workmen's Compensation Appeal Board (Kennedy),* 657 A.2d 96 (Pa. Cmwlth.1995).

Although there is no doubt as to the proper allocation of vacation pay, we conclude that the decisions in *Lane, Exide* and *Eljer* do not control the outcome of this case. Rather, it is clear that in 1993, at the time Employer issued the NCP and chose to treat Claimant's vacation pay as wages earned in a particular quarter, neither the Act nor decisional authority required that vacation pay be prorated over the entire year in which it was earned. Moreover, the *Boro of Midland* court's emphasis on the employer's treatment of the vacation pay reflects that employers had the prerogative to treat vacation pay differently. *Eljer* was the first decision to announce a general rule, and this 1996 decision does not satisfy Employer's burden to prove that a material mistake of law was made at the time the NCP was executed.

Accordingly, we reverse.

### ORDER

NOW, March 7, 2000, the order of the Workers' Compensation Appeal Board, at No. A98–1117, dated March 11, 1999, is reversed.