**Phillip VIRGILIO, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SUPERVALU, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 26, 2000.

Decided Oct. 19, 2000.

Michael G. Dryden, Philadelphia, for petitioner.

Susan M. Lea, Allentown, for respondent.

BEFORE: SMITH, Judge, LEADBETTER, Judge, and LEDERER, Senior Judge.

SMITH, Judge.

Phillip Virgilio petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed a decision of the Workers' Compensation Judge (WCJ) for including an employer-paid arbitration award in the calculation of Virgilio's average weekly wage under Section 309(d) of the Workers' Compensation Act.[1]

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582(d). Section 309(d) provides as follows:

The sole issue before the Court is whether the Board erred by excluding the award from the average weekly wage calculation.

On September 3, 1997, Virgilio injured his right foot and ankle in the course of his employment as a warehouseman for Supervalu, Inc. (Employer). Following his work injury, Virgilio worked a "Temporary Alternate Duty" (TAD) position for Employer and then returned to his pre-injury position. In calculating Virgilio's average weekly wage Employer did not include a $4,968.50 arbitration award, entered on November 2, 1995, that was paid to Virgilio on September 14, 1996 as a result of his union grievance claiming a denial of overtime work from January 12, 1995 to March 9, 1995. The gross earnings represented by the award were $6,675.35, and Employer deducted payroll taxes from this amount before paying Virgilio.

On June 29, 1998, Virgilio filed a claim petition seeking partial disability benefits for the period when he worked the TAD position. The parties filed a stipulation with the WCJ stating that Virgilio suffered a compensable work injury and that the only issue to be resolved was the proper calculation of Virgilio's pre-injury average weekly wage. The WCJ concluded that the gross wages represented by the award paid in 1996 should be included in Virgilio's earnings quarter for September 1, 1996 through November 30, 1996 when calculating his pre-injury average weekly wage and that Virgilio was entitled to ⅔ of the difference between his average weekly wage of $967.28 and any earnings that he received while working the TAD position.

Employer appealed to the Board which affirmed the grant of Virgilio's claim petition but which reversed the average week-

ly wage calculation. In reversing the WCJ, the Board relied upon the plain language of Section 309(d), which states that an employee's average weekly wage is calculated not by using income but by using the "total wages earned" in the 52 weeks immediately preceding the injury. The Board concluded that the award, although received by Virgilio within one year of his work injury, represented overtime wages that he would have earned in 1995. The Board thus excluded the award from the average weekly wage calculation and stated that a contrary holding would have resulted in an unfair windfall to Virgilio.[2]

Virgilio argues that the Board erroneously excluded the award from his average weekly wage calculation because it was paid within the calendar year prior to his work injury and because it constitutes "wages earned" under Section 309(d). Virgilio contends that Employer treated the award as wages earned in 1996 because it deducted payroll taxes at the time of payment and because the sum was reflected in Employer's "Earnings History" statement for Virgilio. Additionally, Virgilio argues that the award constitutes wages "when received" and cites the U.S. Tax Regulations and the Federal Tax Code for the proposition that a check issued to an employee is considered income for the period in which it is received.

Employer, on the other hand, argues that a lump-sum payment by an employer must be attributed to the period in which the money was actually "earned" by the employee. In support, Employer cites *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 537 Pa. 426, 644 A.2d 726 (1994), *Eljer Industries*

[T]he average weekly wage shall be calculated by dividing by thirteen the total wages earned in the employ of the employer in each of the highest three of the last four consecutive periods of thirteen calendar weeks in the fifty-two weeks immediately preceding the injury and by averaging the total amounts earned during these three periods.

**2.** The Court's review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Temple University v. Workers' Compensation Appeal Board (Parson)*, 753 A.2d 289 (Pa.Cmwlth.2000).

*v. Workmen's Compensation Appeal Board (Johnson),* 670 A.2d 203 (Pa. Cmwlth.1996), and other cases in which the courts prorated lump-sum bonus and vacation payments to reflect the period of work in which the payment was earned. Employer contends that the award here reflected overtime work denied to Virgilio in 1995, that Virgilio performed no work in September 1996 to earn the wages represented by the award and that including the award in the average weekly wage calculation would result in an unfair windfall to Virgilio.

Neither Section 309 nor Pennsylvania case law specifically addresses the proper treatment of an employer-paid arbitration award in calculating an employee's average weekly wage under the Act. However, several cases have addressed other lump-sum payments in the context of Section 309, and these cases provide the Court with some guidance. In *Lane* the Court held that an annual bonus should not be attributed to the quarter in which it was paid but instead should be prorated over an entire year because the bonus was based upon the employee's job performance during that year. In *Exide Corp. v. Workmen's Compensation Appeal Board (Kamenas),* 653 A.2d 50 (Pa.Cmwlth.1994), the Court relied upon the reasoning in *Lane* and held that a lump-sum payment of annual vacation pay should be prorated over the entire year during which the vacation pay was earned. *See also Brimmer v. Workers' Compensation Appeal Board (North American Refractories),* 749 A.2d 1010 (Pa.Cmwlth.2000); *Eljer.* Also, in *Miles v. Workers' Compensation Appeal Board (School District of Philadelphia),* 725 A.2d 851 (Pa.Cmwlth.), *appeal denied,* 560 Pa. 714, 743 A.2d 924 (1999), the Court held that a retroactive lump-sum payment compensating an employee for a 90-day period of employment must be prorated to reflect payment for work during those 90 days.

The rationale of *Lane* and its progeny, which requires that lump-sum payments be attributed to the period reflecting the employee's work rather than the period in which payment was made, applies to the present case. In his November 2, 1995 decision, the arbitrator explicitly stated that the award was to compensate Virgilio for overtime wages denied to him from January 12, 1995 to March 9, 1995. Although Employer deducted the necessary payroll taxes from the award when it was paid in September 1996, the award did not reflect work performed by Virgilio or overtime denied to him during that time. Therefore, the Board did not err in excluding the award from Virgilio's average weekly wage calculation under Section 309(d). The Court notes that a contrary holding would result in an artificially inflated average weekly wage calculation which would not reflect Virgilio's "true earnings" during the period in question. *See Eljer,* 670 A.2d at 206. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 19th day of October, 2000, the order of the Workers' Compensation Appeal Board is hereby affirmed.