Opinion by
 

 Cunningham, J.,
 

 None of the parties in this workmen’s compensation case was satisfied with the award of the referee, affirmed by the board. Each side appealed to the common pleas; the appeals were consolidated for hearing; all the exceptions were dismissed and judgments entered on the award as affirmed by the board. The employer and its insurance carrier have taken an appeal from the judgment at No. 3002, January Term, 1941, of the court below, to No. 94, April Term, 3942, of this court; the claimant has appealed from the identical judgment at No. 3054, below, to No. 96 of this court; both appeals will be disposed of in this opinion.
 

 It is not controverted that the claimant, George Chubb, sustained an injury by an accident in the course of his employment with the defendant country club on May 17, 1938, when thrown from a horse; nor is it denied that some disability resulted.
 

 The employer and carrier contend in support of their appeal to No. 94 that the percentage of disability as fixed by the referee and board is too high, and that, as claimant has received since the accident the same salary he was receiving when it occurred, any award to which he might be entitled should be suspended. Claimant, in his appeal to No. 96, asserts the weekly wage rate upon which the award was based is not as high as it should have been.
 

 1. Chubb, in his claim-petition, set forth that on May 17, 1938, (while the Workmen’s Compensation Act of June 4, 1937, P. L. 1552, 77 PS §1, et seq., was in force) he was employed by the country club in the dual capacity of stable manager and riding instructor; that on that date he was thrown from a horse he- was training and sustained injuries to his head and neck; and
 
 *149
 
 that as a result of his injuries he has been unable since the accident to ride and train horses but has been, and still is, able to manage the stable. Contending that the training of horses constituted approximately 50% of his work, claimant sought compensation for a diminution in his earning power to that extent.
 

 The referee made and the board affirmed, inter alia, the following findings of fact :
 

 “First: That on May 17, 1938, George Chubb, the claimant, was employed by Allegheny Country Club, defendant, as a stable manager and riding instructor. *****
 

 “Third: . That the claimant’s average weekly wage was $40.38.
 

 “Fourth: On the above date and while in the course of his employment with the defendant, the claimant sustained accidental injury of the following nature: A horse which the claimant was training stumbled and fell while going over a jump, throwing the claimant to the ground. As a result of said accidental injury the claimant suffered a concussion of the brain and a compression fracture of the 6th cervical vertebra, with obliteration of the joint space.
 

 *****
 

 “Sixth: As a direct result of the injury sustained in the aforementioned accident, the claimant became, and has been continuously 50% disabled from the date of the injury. We further find as a fact that said partial disability is likely to continue for an indeterminate period.
 

 “Seventh: We find as a fact that the claimant is not physically able to perform his duties as a riding master, which duties constituted 50% of the duties required of him.
 

 “Eighth: We further find as a fact that the claimant is still receiving the same wages from the defendant, Allegheny Country Club, although he is not able to perform his regular duties.”
 

 
 *150
 
 Based upon these findings, the referee made an award for partial disability under Section 306(b) of the Act of 1937, supra, 77 PS §512, calculated at 65% of the difference between claimant’s wages, when injured, as fixed by him (the referee) under Section 309, 77 PS §582, at $40.38 per week, and his earning power thereafter— '65% of $20.19 — i. e., at the rate of $13.12 per week.
 

 The employer and carrier excepted to these findings to the extent that they constitute, in substance, a finding that claimant has suffered, as the result of the accident, a 50% diminution in earning power; their contention is that the extent of claimant’s disability should not have been found to exceed 25%. We are satisfied from an examination of the testimony of Dr. E. S. Henry, called immediately after the accident, Dr. R. W. Willison, and Dr. L. W. Johnson, supplemented by X-ray pictures, that the finding of a 50% disability is supported by sufficient and competent testimony. The weight to be given the evidence to the contrary by the medical experts called on the other side was exclusively within the province of the fact finders.
 

 Sections 306 and 309 both relate to substantive, and not procedural, matters. See
 
 Seneca v. Yale & Towne Mfg. Co. et al.,
 
 142 Pa. Superior Ct. 470, 16 A. 2d 754, and
 
 Matkosky v. Midvale Co.,
 
 143 Pa. Superior Ct. 197, 202, 18 A. 2d 102. The rights of the parties to this case with respect to the method of calculating the award are fixed by the statute, as reenacted and amended in 1937.
 

 The contention in behalf of the employer and carrier that, because the country club has seen fit to continue to pay claimant the same salary since as before the accident, any award should be suspended was probably suggested by a pure dictum at the bottom of page 527 of our opinion in
 
 Sayre v. Textile Machine Works,
 
 129 Pa. Superior Ct. 520, 195 A. 786. The present writer
 
 *151
 
 assumes full responsibility for that dictum, which, to say the least, did not improve the opinion. We definitely decided in
 
 Stanella v. Scranton Coal Co.,
 
 122 Pa. Superior Ct. 506, 186 A. 211, and
 
 Angelo v. Keystone State Construction Co. et al.,
 
 134 Pa. Superior Ct. 255, 3 A. 2d 946, that the only ground contemplated by the statute for suspension of an agreement for or an award of compensation is that the claimant’s disability has
 
 temporarily
 
 ceased. See Section 413, 77 PS §772. Moreover, the judgment in the present case, as entered by the court below, contains a provision for, inter alia, its “suspension” in the event of “a change in the character of [claimant’s] disability.”
 

 No new questions are involved under this branch of the case. As there is an express: finding, supported by competent evidence, that claimant since the accident has not actually earned the wages he has been receiving through the generosity of his employer, the disposition of the case at bar is governed by
 
 Weinstock v. United Cigar Stores Co. et al.,
 
 137 Pa. Superior Ct. 128, 8 A. 2d 799, and not by
 
 Sayre v. Textile Machine Works,
 
 supra. We are of opinion that the exceptions of the employer and its carrier to the action of the board were properly dismissed by the court below.
 

 2. Turning to the appeal of claimant to No. 96, we have this situation. It is not contested that under the contract of hiring the employer agreed to pay him $150 per month and furnish him with living quarters of the value of $25, or a total definite consideration of $175 per month, the wage rate upon which the award was calculated. In the negotiations leading up to the making of the contract, a representative of the club, in replying to a letter addressed to him by claimant, (in which claimant had evidently made some reference to the matter of Christmas presents), said: “The salary you mention I believe would be satisfactory. As far as the Christmas presents are concerned* no doubt the mem
 
 *152
 
 bers would be very pleased to remember you at Christmas time providing your services were satisfactory.”
 

 Claimant insists that, as the evidence shows the receipt by him, as found by the board, of $130 each year as a Christmas present, and approximately $170 annually in tips from individual members, these sums should have been added to his yearly fixed salary of $2100, in computing his weekly wages as the basis of an award. In the original Workmen’s Compensation Act, as amended prior to 1937, there was a prohibition in Section 309 against including gratuities received from the employer, or others, in calculating wages. This prohibition was omitted in the Act of 1937, but restored by the later Act of June 21,1939, P. L. 520, 77 PS §582. There was, therefore, at the time the accident here involved happened, no legislative prohibition against including the presents and tips, nor, on the other hand, was there any express agreement relating thereto in the contract of hiring.
 

 Upon this question the court below aptly said: “Then, taking account of the relationship between the claimant and the defendant and its members, we think the referee and board were warranted in drawing a distinction between tips in such a case as this and those received by a restaurant-waiter whose income may to a large extent be derived from such sources. The claimant received from the defendant a substantial salary of $150 per month and in addition was provided with living-quarters for himself and his family. In his case the gratuities of tips and Christmas presents evidenced the good-will of the club members, but there was no implied term in the contract of hiring that they were to be treated as a part of the claimant’s wages in computing the wage-base and the extent of the defendant’s legal liability.”
 

 We are all of opinion that the court below reached a correct conclusion with respect to the annual Christmas bonus, and a majority are of opinion that tips were
 
 *153
 
 also properly excluded from the wage base. Our conclusion is that the court below committed no error in dismissing all the exceptions, and that the judgments entered by that tribunal, upon the award as made by the compensation authorities should not be disturbed.
 

 Judgments affirmed.