Robert David Marshman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Public School Employes' Retirement Board, Respondent.

Submitted on briefs April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*W. Hamlin Neely,* for petitioner.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 25, 1983:

Robert D. Marshman appeals a Public School Employes' Retirement Board (Board) denial of disability retirement benefits. We affirm.

Marshman, a teacher[1] for thirty years, allegedly began to experience various physical difficulties in

---

[1] Marshman was employed as a music teacher.

1974.[2] In 1979, on the advice of his physician,[3] Marshman stopped working and applied for disability benefits under Section 8504(c)(1) of the Public School Employees' Retirement Code.[4] The doctors who examined Marshman found, after several tests,[5] that the alleged physical difficulties did not exist. The hearing examiner, after reviewing the testimony, concluded that Marshman was not entitled to disability benefits.

The only facet of our scope of review, under Section 704 of the Administrative Agency Law,[6] that we need to determine is whether the hearing examiner's decision is supported by substantial evidence. As the finder of fact, the hearing examiner weighs all evidence. The testimony of a physician is not conclusive. The weight of it is for the finder of fact. *Chubb v. Allegheny Country Club*, 147 Pa. Superior Ct. 146, 24 A.2d 550 (1942). We agree that there was sufficient evidence to support the determination.

Affirmed.

## ORDER

The order of the Public School Employes' Retirement Board, SS No. 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 in the above-captioned matter is hereby affirmed.

---

[2] Marshman at that time began to experience some weakness, shortness of breath, perspiring, hoarseness, and stomach and chest pains.

[3] Marshman's physician, Dr. Patrick F. McCarthy, diagnosed his condition as coronary artery disease, arteriosclerotic vascular disease and essential hypertension. Dr. McCarthy told Marshman that continued employment could lead to serious injury and even death.

[4] 24 Pa. C. S. §8504(c)(1).

[5] Marshman was given a stress test at Allentown Hospital Association and Dr. Joseph N. Nader, a heart specialist, gave Marshman an electrocardiogram and took X-Rays. These tests did not reveal any of the alleged afflictions.

[6] 2 Pa. C. S. §704.