532 A.2d 1241

Roadway Express, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Connery), Respondents.

Submitted on briefs June 12, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Michael I. Levin, Cleckner and Fearen,* for petitioner.

No appearance for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 29, 1987:

A workmen's compensation referee/Board order granted the modification petition of Roadway Express, Inc. Roadway appeals that part of the order establishing the date of partial disability and the amount of benefits. We vacate and remand.[1]

While employed by Roadway, Frank Connery sustained a work-related back injury for which he received total disability benefits. In March 1981, Connery began to work for a private employer performing several farm-related duties.[2] He was compensated by being permitted to live on the farm rent-free.

---

[1] Connery did not appeal the Board's modification order. Moreover, based on the respondents' failure to timely file a brief in this appeal, they were precluded from filing such by this Court's Order dated June 2, 1987.

[2] Roadway initially filed a modification petition and a request for supersedeas. A supersedeas hearing was held resulting in a de-

Based on the medical affidavit of Dr. Eugene DiSalvo, the referee determined that Connery was no longer totally disabled and was capable of performing sedentary work as of June 3, 1982, the date of his examination. The referee also determined that Connery remained eligible for the maximum allowable rate for a partial disability,[3] an amount identical to that which he had been receiving on total disability. The Board summarily affirmed.

Roadway initially contends that the Board erred by failing to modify benefits effective March 1981 since Connery testified that he began working at that time. We agree.[4]

The controlling date for the purposes of determining partial disability is ordinarily the date the medical expert examines the claimant and determines that he is capable of gainful employment. *Tarr v. Workmen's Compensation Appeal Board (Kayro Precision Casting Corp.)*, 95 Pa. Commonwealth Ct. 294, 505 A.2d 389 (1986). However, in this instance, where Connery indicated that he had been employed for over a year prior to Dr. DiSalvo's examination, it is self-evident that he was not totally disabled during this period. Therefore, we hold that the referee erred in failing to modify bene-

---

nial of that request. Subsequent to hearings held on the modification petition, Roadway made a motion to amend its petition to reflect an earlier modification date of March 1981. The motion to amend was granted.

[3] This determination was based on the testimony of Roadway's vocational expert that suitable, sedentary work was available to Connery at an average weekly wage of $134.00.

[4] Our scope of review is limited to determining whether there was an error of law or whether a finding of fact was unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

fits effective March 1981 when he began working for the private employer.

Roadway further contends that the Board erred in failing to consider the compensation paid Connery in the form of free lodging as part of its calculation of his earning power. Again, we agree.

Among the factors to be considered in determining the earning power of a partially disabled claimant are the actual wages received after the injury. *Modern Cooler Co. v. Workmen's Compensation Appeal Board (Driscoll)*, 18 Pa. Commonwealth Ct. 22, 333 A.2d 811 (1975). In his decision, the referee credited Connery's testimony that he was performing sedentary work for the owner of the farm where he resided in exchange for rent. However, the referee relied solely upon vocational testimony as to Connery's earning potential, without considering the value of the remuneration he was actually receiving. Section 309(e) of The Pennsylvania Workmen's Compensation Act[5] states that the terms average weekly wage and total wages shall include board and lodging received from the employer. *See Kelly v. Silverman*, 74 Pa. Superior Ct. 298 (1920).

Accordingly, we vacate that portion of the Board's order modifying benefits effective June 3, 1982, and direct the Board to make a finding as to the exact date that Connery began performing his farm-related duties. That portion of the Board order determining Connery's partial disability compensation is likewise vacated and this case is remanded for a hearing to consider the reasonable rental value of the lodging provided to Connery. Benefits are to be modified accordingly.[6]

---

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §582(e).

[6] Reasonable rental value will have no effect on the amount of benefits if that value is less than $134.00, the average weekly wage testified to by Roadway's vocational expert. If rental value exceeds $134.00, that new amount is to be used in recalculation of partial disability benefits.

## ORDER

The Workmen's Compensation Appeal Board order, No. A-88635 dated April 11, 1986, is vacated to the extent it modifies benefits as of June 3, 1982, and awards the maximum allowable rate for claimant's partial disability. The matter is remanded for a hearing and a decision in accordance with the foregoing opinion.

Jurisdiction relinquished.