**Michael STOFA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FLORENCE MINING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 19, 1997.

Decided Nov. 14, 1997.

James Francis O'Malley, Johnstown, for petitioner.

Ann M. Coholan, Pittsburgh, for respondent.

Before COLINS, President Judge, and LEADBETTER, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Michael Stofa (Claimant) petitions for our review of a March 27, 1997 order of the Workers' Compensation Appeal Board (Board) which reversed a decision of a Work-

---

ers' Compensation Judge (WCJ) denying a termination petition filed by the Florence Mining Company (Employer).

The sole issue before this Court concerns the calculation of Claimant's partial disability benefits for a period of time during which he was employed by a public school district as a full-time teacher. Claimant's medical condition is not in dispute.

In September 1987, Claimant suffered a back injury while working for Employer as a laborer in underground mining. He received total disability benefits pursuant to a notice of compensation payable. In 1993, Employer filed a petition seeking termination of Claimant's benefits effective November 30, 1993, based upon the results of an independent medical evaluation. In his answer to the petition, Claimant denied that he was able to return to his pre-injury employment.

During hearings before the WCJ, Claimant explained that he had returned to college and obtained his teaching certificate. Claimant worked as a substitute teacher from March 18, 1994 through May 27, 1994, and from May 18, 1994 through June 30, 1994, with two different school districts. Claimant then obtained a full-time teaching position, commencing August 24, 1994. According to Claimant's contract for the position, it was "for a term of 184 days for an annual compensation of $25,928.00." As a result of Claimant's testimony, Employer amended its termination petition to include a request for modification based upon Claimant's earnings as a substitute teacher, and a suspension effective August 26, 1994, based upon his earnings as a full-time teacher.

On April 21, 1995, the WCJ issued a decision denying Employer's request for termination, but modifying Claimant's benefits based upon his earnings as a schoolteacher. Specifically, the WCJ ordered that Claimant's compensation be reduced for the period May 18, 1994 through June 30, 1994, when he was employed as a substitute teacher, and suspended from August 26, 1994 to May 9, 1995, when he was employed full time. The WCJ calculated that Claimant's average weekly wage during the 184 days (9.2 months) of full-time teaching was $704.57, which would exceed Claimant's pre-injury wage. The WCJ also concluded that total disability benefits should be reinstated commencing May 10, 1995, until Claimant's condition or employment status changes.

Employer appealed that portion of the WCJ's decision which calculated Claimant's average weekly wage for the time periods during which he taught as a substitute and as a full-time teacher, and which reinstated Claimant's total disability benefits as of May 10, 1994. The Board reversed the WCJ's decision, agreeing with Employer that the average weekly wage for the time Claimant was teaching full time should be calculated by dividing his salary by 52 weeks rather than 9.2 months. Claimant has appealed, seeking to reinstate the WCJ's decision.

■ Partial disability benefits are available under Section 306(b)(1) of the Workers' Compensation Act (the Act)[1], at a rate of sixty-six and two thirds per centum of the difference between a claimant's pre-injury average weekly wage, and his "earning power." Although the Act does not define "earning power" in terms of actual wages earned,[2] actual wages are one of the factors to be considered in determining the earning power of an injured claimant. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Connery)*, 110 Pa.Cmwlth. 535, 532 A.2d 1241 (1987). Section 309(c) of the Act, 77 P.S. § 582(c), addresses the computation of wages for purposes of determining compensation. This section provides:

> Wherever in this article the term **"wages"** is used, it shall be construed to mean the average weekly wages of the employe, ascertained as follows:
>
> . . .
>
> (c) If at the time of the injury the wages are fixed by the year, the average weekly wage shall be the yearly wage so fixed divided by fifty-two.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(b)(1).

2. Section 306(b)(2) provides that "[e]arning **power** shall be determined by the work the employe is capable of performing."

 Claimant argues that the Board erred in reversing the WCJ's decision because it improperly based its calculation of his partial disability rate on 12 rather than 9.2 months of employment. He claims that the record supports the WCJ's finding that because his salary as a full-time teacher was for 184 days of teaching, his average weekly wage should be based upon 9.2 months of employment. While we agree with Claimant that the Board is required to accept the *facts* as found by the WCJ if they are supported by competent evidence, *see Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992), the determination of a claimant's average weekly wage is an issue of law, fully reviewable by the Board and this Court. *Eljer Industries v. Workmen's Compensation Appeal Board (Johnson)*, 670 A.2d 203 (Pa.Cmwlth.1996).

In this case, Claimant worked pursuant to a contract which provided that he was to teach "for a term of 184 days for an *annual* compensation of $25,928." Clearly, Claimant's wages are fixed by the year. Under Section 309(c), for purposes of determining his earning power, Claimant's actual wages should be calculated by dividing his annual salary by 52. Contrary to the WCJ's finding, Claimant's "average weekly wage" should not be based on 9.2 months of teaching. It is not the number of days Claimant spends engaged in teaching, but his actual wages, set by contract on an annual basis, which is determinative of his earning power under the Act.

Accordingly, the Board did not err in dividing Claimant's annual salary by 52 to calculate the wages to deduct from his pre-injury average weekly wage to determine the amount of his partial disability benefits. We, therefore, will affirm the Board's order reversing the WCJ's decision.

### ORDER

AND NOW, this 14th day of November, 1997, the March 27, 1997 Order of the Workers' Compensation Appeal Board is hereby affirmed.

LEADBETTER, J., dissents.