Donald LANE, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (Eljer Plumbing), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 2001.

Decided July 16, 2001.

J. Scott Leckie, Washington, for petitioner.

Mary Ann C. Acton, Pittsburgh, for respondent.

Before COLINS, KELLEY, Judges and LEDERER, Senior Judge.

KELLEY, Judge.

Donald Lane (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the workers' compensation judge (WCJ) dismissing Lane's Petition to Review Compensation Benefits (Review Petition). We affirm.

On August 25, 1981, Claimant sustained an injury to his lower back while in the course and scope of his employment with Eljer Plumbing[1] (Employer). By way of Notice of Compensation Payable, Claimant received maximum weekly compensation benefits of $262.00 based upon an average weekly wage of $532.00. Upon returning to light duty work in May 1984, Claimant received partial disability benefits pursuant to numerous supplemental agreements.

On November 18, 1993, Claimant filed a Review Petition, wherein he alleged that Employer was incorrectly computing his partial disability benefits for his injury by applying prorated holiday and vacation pay to Claimant's post-injury earnings. Employer filed a timely answer to Claimant's petition denying the material allegations contained therein. Hearings before the WCJ then ensued.

The WCJ found that Employer did prorate holiday and vacation pay in calculating Claimant's benefits as alleged. The WCJ described Employer's calculation method as follows:

8. Employee's vacation pay is a percentage of his gross earnings. This percentage increases with length of service from 2 percent of wages to 9, maximum of 12 percent for up to 25 years of service. The holiday pay, for 10 holidays per year, is 3.75 percent of gross wages. To calculate an Employee's wages in workers' compensation matters, the Employer adds to the gross earnings for the period being considered the appropriate percentage of these gross earnings for holiday and vacation pay. The percentages for Employee, Harold Lane, are the unvarying 3.75 percent for holiday pay and 12 percent for vacation pay. The total amount added to him is 15.75 percent of the gross wages earned during the period considered. The actual payment of holiday pay is a lump sum paid later, on the last Wednesday before Thanksgiving. The vacation pay is also paid later in a lump sum, but on the last Friday during January of the following year. These payments will be the pertinent percentage earnings for one year.

9. The Employer's insurer calculated the Employee's average weekly wage for the time period being considered by dividing the sum of the gross earnings for the period plus the described 15.75 percent of this amount by the days the Employee actually worked during the

---

1. We note that Eljer Plumbing is also referred to "Eljer Plumbingware" in the record. No explanation has been offered for this discrepancy.

period. The resulting daily rate was then multiplied by 5 to arrive at a weekly wage for the entire period. The negative difference between the calculated weekly wage and the time-of-injury average weekly wage was multiplied by ⅔ to determine the appropriate weekly compensation for partial disability for the period. This rate was then paid for the entire period.

Reproduced Record (R.) 149a–150a.

Claimant argued that in using the described method Employer considered prorated vacation and holiday pay twice: once as a percentage of gross earnings and again in assuming real earnings while Claimant was not working because he was on vacation or holiday. Claimant argued that vacation days and holidays taken during a given period should be treated as days worked and included as actual earnings for the period.

■ The WCJ rejected Claimant's proposed method of calculation and determined that the method used by Employer to calculate earnings was correct. The WCJ found that the result of this method is the actual amount earned during the period being considered, although actual payment of the earned vacation and holiday pay would not occur until later. The WCJ concluded that Employer met its burden of showing that it is utilizing the correct method for prorating Claimant's vacation and holiday pay over an entire year. By order dated May 15, 1998, the WCJ dismissed Claimant's Review Petition. Claimant appealed the WCJ's decision to the Board, which affirmed. This appeal now follows.[2]

On appeal, Claimant raises the issue of whether an employer, when computing partial disability compensation payable, can impute a claimant's vacation and holiday pay to the time periods when vacation and holiday is actually taken, when the employer is also apportioning Claimant's vacation and holiday pay to each week in the entire year.

Claimant contends that the WCJ and the Board erred in their determination that Employer's method of calculation was correct. Claimant contends that Employer is counting vacation and holiday pay twice in determining Claimant's post-injury earnings and asserts that the proper method of calculation of partial disability is to treat vacation and holidays as "days worked." We disagree.

■ Partial disability benefits are calculated under Section 306(b)(1) of The Pennsylvania Workers' Compensation Act (Act)[3] at a rate of sixty-six and two thirds percent of the difference between a claimant's pre-injury average weekly wage and his earning power thereafter. *Stofa v. Workers' Compensation Appeal Board (Florence Mining Co.)*, 702 A.2d 381 (Pa. Cmwlth.1997). When determining a claimant's pre-injury average weekly wage, wages earned as of the date of the injury are included in the calculation. Section 309 of the Act, 77 P.S. § 582. When determining "earning power," actual wages received by the claimant is one of the factors to be considered for purposes of calculating partial disability benefits. *Stofa*. While "earning power" and "wages" are not the same term, we note that "earning power ... shall in no case be less than

**2.** This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh*

*County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512.

the weekly amount which the employee receives after the injury...." Section 306(b) of the Act.[4] The terms are not the same because " 'earning power' can, in some cases, be more than the employee is receiving in actual wages after the injury. In other words, benefits for partial disability are based on the difference between pre-injury earnings and post-injury earning power, not post-injury earnings, although in no case can the difference be greater than the difference between pre-injury earnings and post-injury earnings." *Carpenter Technology Corp. v. Workers' Compensation Appeal Board (Santoro)*, 751 A.2d 710, 713 (Pa.Cmwlth.2000) (quoting *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 488, 658 A.2d 766, 769 (1995)).

It is well settled that vacation and holiday pay constitute "wages" for the purposes of calculating average weekly wage. *Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971); *Boro of Midland v. Workmen's Compensation Appeal Board (Granito)*, 127 Pa.Cmwlth.462, 561 A.2d 1332 (1989). Vacation and holiday pay are entitlements earned through and exchanged for services performed for the employer. *Id.* Since there is no dispute that vacation and holiday pay constitute "wages" for purposes of average weekly wage calculation, this pay is properly included in a calculation of a claimant's post injury "earning power" for partial disability benefits purposes. Section 306(b) of the Act. *See Carpenter* (since profit sharing constitutes "wages" for purposes of average weekly wage calculation, profit sharing is properly included in determining workers' compensation claimant's "earning power" for partial disability benefits purposes). Depending upon the manner in which the employer treats the vacation and holiday pay and whether the pay is attributable for work performed for an entire year or a lesser period of time will determine whether payments will be included in a given quarter or prorated over the course of the year. *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 537 Pa. 426, 644 A.2d 726 (1994); *Exide Corporation v. Workmen's Compensation Appeal Board (Kamenas)*, 653 A.2d 50 (Pa.Cmwlth.1994).

In *Boro of Midland*, the claimant's statement of wages indicated that he was paid vacation and holiday pay in the fourth quarter and that employer treated these payments as wages *earned* in the quarter that they were paid. As a result, this Court held that the claimant's vacation pay should be included in the calculation of the average weekly wage as having been earned in the quarter in which it is actually paid. *Id.*

In *Exide*, upon finding that the claimant's "annual vacation pay" was attributable to work performed during the entire year, this Court held that the vacation pay

---

4. Section 306(b)(2) provides:

"Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area. Disability partial in character shall apply if the employe is able to perform his previous work or can, considering the employe's residual productive skill, education, age and work experience, engage in any other kind of substantial gainful employment which exists in the usual employment area in which the employe lives within this Commonwealth. If the employe does not live in this Commonwealth, then the usual employment area where the injury occurred shall apply. If the employer has a specific job vacancy the employe is capable of performing, the employer shall offer such job to the employe. In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by an expert approved by the department and selected by the insurer.

should be prorated throughout the year. Similarly, in *Eljer Industries and the Travelers Insurance Company v. Workmen's Compensation Appeal Board (Johnson)*, 670 A.2d 203 (Pa.Cmwlth.1996), we found that the claimant's annual vacation and holiday pay was analogous to an annual bonus and, therefore, concluded that such pay must be prorated over the entire year for the purpose of calculating the claimant's average weekly wage.

■ In the instant case, Claimant was paid for holidays and vacation days in a lump sum payment.[5] For purposes of calculating Claimant's post injury earning power, Employer prorated Claimant's vacation and holiday pay over the course of the year in accordance with *Exide* and *Eljer.* Specifically, Employer calculated Claimant's post injury earnings by dividing the sum of Claimant's gross earnings for a period, plus the pro rata amount of vacation and holiday pay that Claimant earned in a particular pay period, by the number of days Claimant actually worked during the period, then multiplying by five (work days in a week). Partial disability was then calculated by multiplying by 66 2/3% the difference between Claimant's pre-injury average weekly wage and his earning power after the injury.

Claimant maintains that Employer should have treated his vacation days and holidays as "days worked" to be added to the days Claimant actually worked. To treat Claimant's vacation days and holidays as "days worked" would not yield an accurate representation of Claimant's earning power. As the Board aptly noted, the amount of vacation and holiday pay Claimant earns is a percentage of Claimant's actual pay, which is based upon days actually worked. To divide Claimant's

post injury earnings by days worked, vacation days and holidays would underestimate Claimant's earning power and would yield an artificially inflated wage differential for purposes of calculating partial disability benefits. We, therefore, conclude that the WCJ did not err in its calculation of Claimant's partial disability benefits.

Accordingly, the order of the Board is affirmed.

The decision in this case was reached before the expiration of the appointment of Senior Judge Lederer to the Commonwealth Court by the Supreme Court of Pennsylvania.

### ORDER

AND NOW, this *16th* day of *July*, 2001, the order of the Workers' Compensation Appeal Board, at No. A98–2298, dated October 24, 2000, is AFFIRMED.

---

5. According to the testimony presented, holiday pay is paid to each employee, including Claimant, the Wednesday before Thanksgiving in each November. R. 60a. Similarly, vacation pay is paid to each employee, including Claimant, in a lump sum on the last Friday in January. R. 61a–62a.