**Janice JONES, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NORTHERN TIOGA SCHOOL DISTRICT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 2001.

Decided Nov. 8, 2001.

---

James T. Rague, Wellsboro, for petitioner.

Joseph G. Lucas, Williamsport, for respondent.

Before SMITH, KELLEY, Judges, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Janice Jones (Claimant) petitions for review of the May 15, 2001 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) granting in part Claimant's review petition and determining that a calculation of Claimant's average weekly wage (AWW) under Section 309(c) of the Workers' Compensation Act, rather than Section 309(e),[1] was proper.[2] The issue specifically before us is whether the Board erred in relying upon *Stofa v. Workers' Compensation Appeal Board (Florence Mining Co.)*, 702 A.2d 381 (Pa.Cmwlth.1997) for the proposition that the AWW of a school teacher who elected to receive her salary biweekly had to be calculated pursuant to Section 309(c) of the Act.[3] We affirm.

On November 9, 1995, Claimant sustained a work-related injury to her low

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 582(c) and (e). In 1996, the General Assembly amended Section 309 via Section 5 of the Act of June 24, 1996, P.L. 350, commonly referred to as Act 57. Because Claimant's injury occurred in 1995, however, the amended section is inapplicable to the present case. *See Chubb v. Allegheny Country Club*, 147 Pa.Super. 146, 24 A.2d 550 (1942) (Section 309 is substantive in nature.)

2. In pertinent part, former Section 309 provides as follows:
 Wherever in this article the term "wages" is used, it shall be construed to mean the [AWWs] of the employe, ascertained as follows:
 . . . .
 (c) If at the time of the injury the wages are fixed by the year, the [AWW] shall be the yearly wage so fixed divided by fifty-two;
 . . . .
 (e) . . . If under clauses (a), (b), (c), (d) and (e) of this section, the amount determined is less than if computed as follows, his [sic] computation shall apply, viz: Divide the total wages earned by the employe during the last two completed calendar quarters with the same employer by the number of days he worked for such employer during such period multiplied by five.

3. On review, we note that the determination of a claimant's AWW is a question of law, fully reviewable by this Court. *Merva v. Workers' Compensation Appeal Board (St. John the Baptist R.C. Church)*, 784 A.2d 222 (Pa. Cmwlth.2001).

back, right leg and foot during the course and scope of her employment as a schoolteacher with Northern Tioga School District (Employer). Pursuant to a Notice of Compensation Payable (NCP), Claimant received benefits in the weekly amount of $429.40 based on an AWW of $644.07.[4]

During various periods, Claimant returned to work with no loss of earnings. Also, pursuant to several supplemental agreements, Claimant's benefits were suspended and reinstated for various periods. According to the most recent supplemental agreement, Claimant returned to work on May 6, 1996 with no loss of wages and benefits were suspended.

On December 11, 1996, Claimant filed a petition to review compensation benefits, alleging that her AWW was not calculated correctly. On December 23, 1997, WCJ Karl Baldys entered an opinion and order granting Claimant's review petition and amending her NCP to reflect benefits in the weekly amount of $509.00 based on an AWW of $1,184.60. WCJ Baldys calculated the AWW pursuant to Section 309(e) of the Act. (Claimant's Brief, Appendix D.)

On August 2, 1999, the Board reversed the WCJ's order and remanded the matter for a calculation of Claimant's benefits based on Section 309(c) of the Act. On remand, the WCJ on December 7, 1999 calculated Claimant's wages pursuant to Section 309(c), which resulted in an AWW of $565.69 and a disability rate of $377.12. (Claimant's Brief, Appendix B.) In the May 15, 2001 decision and order before us, the Board affirmed the decision of the WCJ to grant Claimant's review petition in part and to calculate Claimant's post-injury wages pursuant to Section 309(c). Claimant's timely petition for review to this Court followed.

As an initial matter, we find it instructive to outline this Court's holding in *Stofa*. In that case, the sole issue before us concerned the calculation of the claimant's partial disability benefits for the period of time during which a public school district employed him as a full-time teacher. Stofa's contract was for a 184–day term with an annual compensation of $25,928.00. The Board concluded that Stofa's AWW for the time he was teaching full time should be calculated dividing his salary by fifty-two weeks rather than 9.2 months. This Court affirmed the Board's order, rejecting Stofa's argument that, because his salary was for 184 days of teaching, his AWW should be based on 9.2 months of employment.

Specifically, this Court noted that, "[a]lthough the Act does not define 'earning power' in terms of actual wages earned, actual wages are one of the factors to be considered in determining the earning power of an injured claimant." *Stofa*, 702 A.2d at 382 (footnote omitted) (citing *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Connery)*, 110 Pa.Cmwlth.535, 532 A.2d 1241 (1987)). Thus, noting that the claimant worked under a contract providing that he teach for a term of 184 days for an annual compensation of $25,928, we concluded that Stofa's wages were fixed by the year.

Accordingly, we determined that Section 309(c) applied and that Stofa's actual wages should be calculated by dividing his annual salary by fifty-two. In so determining, we noted that "[i]t is not the number of days [c]laimant spends engaged in teaching, but his actual wages, set by contract on an annual basis, which is determi-

---

4. As the Board noted, a statement of wages prepared by Employer indicated that Claimant's AWW was $528.87, resulting in a weekly disability rate of $352.60. (Board's Decision at 2, n. 1.)

native of his earning power under the Act." *Stofa,* 702 A.2d at 383.

In the present case, Claimant rejects the Board's determination that the only way to calculate her wages is via Section 309(c), noting the remedial nature of the Act and the intent of the legislature to maximize benefits. Specifically, Claimant notes this Court's statement that "[i]t is clear from a reading of [Section 309] that the legislature intended that claimants should maximize their benefits pursuant to any of the applicable mathematical formulas contained in Section 309." *Fantastic Sam's v. Workmen's Compensation Appeal Board (Kowalski),* 167 Pa.Cmwlth. 130, 647 A.2d 648, 651 (1994) (citing *Frank M. Sheesley Co. v. Workmen's Compensation Appeal Board (Brant),* 106 Pa.Cmwlth.227, 526 A.2d 450 (1987)). Because a calculation under Section 309(c) does not yield the highest AWW, Claimant argues that, as a matter of law, she is entitled to have her wages calculated under the more favorable Section 309(e). (AWW Comparison: Section 309(c)-$565.69, Section 309(e)-$1,184.60)

Further, Claimant notes that in *Stofa,* nowhere did this Court hold that all injured teachers employed pursuant to an annual contract *must* have their AWWs calculated pursuant to Section 309(c). She points out that neither the Board nor the Court in *Stofa* addressed the wage calculation provided for in Section 309(e).

In response, Employer rejects Claimant's proposal to reverse *Stofa* wherein this Court rejected Stofa's suggestion to calculate his AWW based on the actual number of days worked in favor of dividing his annual salary by fifty-two. Employer maintains that this Court in *Stofa* held that a full-time, permanent teacher's AWW for workers' compensation purposes must be calculated pursuant to Section 309(c).

Employer acknowledges Claimant's statement that courts should liberally construe the Act in favor of claimants to effectuate its humanitarian objectives. *LTV Steel Co., Inc. v. Workers' Compensation Appeal Board (Mozena),* 562 Pa. 205, 754 A.2d 666 (2000). It points out, however, that there is also a presumption that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1). In addition, Employer notes that courts when interpreting a statute are permitted to examine the practical consequences of a particular interpretation in order to make a determination as to whether any results are absurd. *Commonwealth v. Diakatos,* 708 A.2d 510 (Pa.Super.1998).

Applying these principles to the present case, Employer argues that allowing Claimant to claim an AWW wage $503.91 more than she would have actually received had she never been injured is an absurd result. It points out that, had Claimant not been injured and worked the entire school year, her AWW under Section 309(e) would still be greater than her actual wages. Employer contends that the General Assembly simply did not intend for Claimant to calculate her actual working wage as AWW nearly double her actual weekly wage.[5]

---

**5.** Employer lastly argues that merely because Claimant opted through her union to have her salary deduced on a *per diem* basis for the time she was off work, that does not mean that her AWW should be calculated on a *per diem* basis under Section 309(e). Employer contends that, although the collective bargaining agreement is determinative for determining the amount to be deducted while Claimant is off work, the Act governs the determination of her AWW for compensation purposes. Although Claimant does not pursue this argument in her brief, we agree with Employer that merely because she had a

■ After careful consideration, this Court rejects Claimant's arguments. We first note the plain language of Section 309(c) of the Act: "If at the time of the injury the wages are fixed by the year, the [AWW] shall be the yearly wage so fixed divided by fifty-two." It is beyond dispute in the present case that Claimant opted to receive her annual salary of $29,416.00 over twenty-six biweekly pay periods. (July 11, 1997 Amended Stipulation of Facts, paragraph 7; R.R. 18a.) The intent of the General Assembly is reflected in the unambiguous language of Section 309(c).

Secondly, we find no reason to distinguish this case from *Stofa* or to depart from our holding therein. On all essential points, *Stofa* is analogous to the present case. As we noted in *Oaks v. Workers' Compensation Appeal Board (LTV Steel Corp.)*, 720 A.2d 836, 840 (Pa.Cmwlth. 1998), *appeal denied,* 559 Pa. 670, 739 A.2d 168 (1999),

> *Stofa* stands for the proposition that where earnings are fixed yearly by contract, weekly earning power is to be calculated by dividing the yearly salary by 52 weeks, rather than by the number of weeks actually worked.

Accordingly, for the above reasons, we affirm the Board's order.

### ORDER

AND NOW, this 8th day of November, 2001, the May 15, 2001 order of the Workers' Compensation Appeal Board is hereby affirmed.

choice as to how her salary would be calculated to reflect the days that she was off work, she cannot opt out of the statutorily dictated method for calculating her AWW.